IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

SIDNEY E. SMITH III, et al., executors    )
of the Estate of Sidney E. Smith, Jr.,    )
                                          )
                    Plaintiff,            )        Civil Action No. 02-264 Erie
                                          )
        v.                                )        Hon. Sean J. McLaughlin
                                          )        Hon. Susan Paradise Baxter
UNITED STATES,                            )
                                          )
                    Defendant.            )

**MEMORANDUM IN SUPPORT OF MOTION
TO PARTIALLY EXCLUDE THE EXPERT REPORT AND
PROPOSED TESTIMONY OF MATTHEW J. MINNAUGH**

STATEMENT

The United States filed its first motion for partial summary judgment

seeking a finding from the Court that the Smith FLP's right of first refusal in its

partnership agreement should be disregarded for valuation purposes under 26

U.S.C. §2703(a).  [Docket Nos. 20&21.]  As a result of that motion, the Court held

that 26 U.S.C. §2703(a) applied.   "[T]his Court finds that Section 2703(a) should

be applied to disregard the restrictive provision contained in Article VII, Section

7.5(E) of the Smith FLP agreement in valuing a limited partner interest in the

partnership, unless Plaintiffs can demonstrate that the provision falls within the

'safe harbor' set forth in Section 2703(b)."  [Docket No. 34 at 10.]  But the Court

left open the issue of whether plaintiffs could satisfy 26 U.S.C. §2703(b), which is

a safe harbor provision to 26 U.S.C. §2703(a).  If plaintiffs fail to satisfy the safe

harbor provision of 26 U.S.C. §2703(b), the interests in Smith FLP transferred by

946428.1

Smith to his children will be valued for gift tax purposes as if the right of first

refusal provision were not contained in the partnership agreement.

In order to satisfy the safe harbor, plaintiffs bear the burden of providing

sufficient, probative evidence establishing each of the three prongs.  26 U.S.C.

§2703(b)(1)-(3).  One of the safe harbor's requirements is that the Smith FLP's

partnership terms are comparable to similar arrangements entered into by

persons in an arm's length transactions.  26 U.S.C. §2703(b)(3).  Plaintiffs

provided the expert report of Matthew J. Minnaugh in their effort to satisfy the

safe harbor's third requirement.

Minnaugh was asked to provide his expert opinions on the following four

topics:

1. "Does the right of first refusal provision in the partnership agreement and its use of the applicable federal rate ("AFR") meet the requirements of IRC Section 2703(b)?

2. "Are there inconsistencies in the AFR issue raised under 2703 as compared with the provisions of IRC Section 7872?

3. "Is there statistical data to support that the AFR is a commercially reasonable rate to use in a seller-financed transaction?

4. "Is the assertion by the Government's expert that the seller's requirement to accept payment over a fifteen year term at the AFR substantially dilutive to value, a reasonable position?"

(Ex. 1 at 2.)  The first three of these four opinions must be excluded, and

Minnaugh should be prohibited from testifying on these topics at trial.

In particular, the second opinion in Minnaugh's report is based solely on

Minnaugh's legal interpretation of the Internal Revenue Code, and that legal

946428.1

conclusion is not an admissible expert opinion.  The first and third opinions

offered by Minnaugh are based upon his personal experiences and lack any

analysis.  Thus, his first and third opinions are not based upon the necessary

methodology to meet the standards of reliability required by the Third Circuit,

Supreme Court and Fed. R. Evid. 702.   Minnaugh's three opinions should be

excluded on these grounds.

ARGUMENT

**A.     Minnaugh's Opinion that the AFR Satisfies Section 2703(b)'s Third Safe Harbor Provision Is a Legal Opinion that Must Be Excluded.**

Expert opinions on domestic law must be excluded because they do not

assist the trier of fact in understanding evidence or complex facts.  Fed. R. Evid.

702.  "Because the proposed expert testimony of Mr. Bachman will take the form

of an opinion on a question of law, it will not 'assist the trier of fact to

understand the evidence or to determine a fact in issue.' Fed. R. Evid. 702."

Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust

Agreement, 812 F. Supp. 1376, 1378-79 (E.D. Pa. 1992); Lynch v. J.P. Stevens &

Co., Inc., 758 F. Supp. 976, 1014 (D.N.J. 1991);  Berry v. City of Detroit, 25 F.3d

1342, 1350 (6th Cir. 1994) ("[W]hile an expert can render an opinion on the

ultimate issue, the expert cannot opine on a legal issue."); Torres v. County of

Oakland, 758 F.2d 147, 151 (6th Cir. 1985); Schramm v. Foster, 341 F. Supp. 2d 536,

540 n.1 (D.Md 2004).  Matters of law, which include statutory construction, are

within the Court's area of expertise, and its alone.  Minnaugh's second opinion

must be excluded because it is a legal opinion.

Starting on page 4 of Minnaugh's expert report and ending on page 5,

Minnaugh goes through an analysis of the Internal Revenue Code.  (Ex. 1.)

Minnaugh argues that the AFR satisfies 26 U.S.C. §2703(b)(3)'s safe harbor

requirement as a matter of statutory interpretation.  In support of this legal

conclusion, Minnaugh suggests that the Court cannot determine whether the

restrictions contained in Smith FLP's right of first refusal are comparable

arrangements entered in arms length transactions under 26 U.S.C. §2703(b)(3)

without first looking to 26 U.S.C. §7872.

The fatal problem with this portion of Minnaugh's expert opinion is that it

is based on his analysis of statutory provisions.  "Q.  Are you giving an analysis

of statutory provisions?  A.  Yes.  I am analyzing the statutes in my capacity as a

tax professional."  (Ex. 2 p. 60: 21-23; see also pp.57:24-58:2 ("But you're opining

that through statutory construction the AFR is, by definition, a fair bargain under

2703; isn't that correct?  A.  That is – that is my interpretation, yes.").)  Seeing that

the whole of Minnaugh's opinion is based upon a statutory interpretation, it

would be hard to comprehend a better example of a circumstance where an

expert was giving an opinion on legal issues.  Any legal analysis is within the

sole province of the Court, and Minnaugh's second opinion and any testimony related to it must be excluded at trial. [1]

**B.      The First Opinion Must Be Excluded Because It Is Based Solely on Minnaugh's Personal Experience without Any Supporting Analysis.**

Under the Federal Rules of Evidence, an expert opinion must be based on sufficient facts and data, the testimony must be the product of reliable principles and methods, and the witness must have applied those principles and methods to the facts of the case.  Fed. R. Evid. 702; <u>Oddi v. Ford Motor Co.,</u> 234 F.3d 136, 145 (3rd Cir. 2000); <u>Fedor v. Freightliner, Inc.,</u> 193 F. Supp. 2d 820, 828 (E.D. Pa. 2002); <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579 (1993).  In particular, courts within this Circuit have held that an expert's opinion based upon nothing more than his training and years of experience lacks the requisite

---

[1]      Moreover, Minnaugh's legal analysis is wrong.  26 U.S.C. §7872 explicitly refers to 26 U.S.C. §1274, which defines the AFR, and allows taxpayers to use the AFR as a safe harbor.  But 26 U.S.C. §7872 is not at issue in this litigation.  26 U.S.C. §2703(b)(3) is the relevant statutory provision, and the standard for satisfying this requirement of the safe harbor is that the right or restriction be a comparable term to similar arrangements entered in an arm's length transaction.  Unlike 26 U.S.C. §7872, there is no reference to the AFR being a safe harbor.  In fact, Congress specifically decided not to make the AFR a safe harbor by defining another standard and went through great pains in the regulations to elaborate on 26 U.S.C. §2703(b)(3)'s meaning.  26 C.F.R. §25.2703-1(b)(4).  No where in 26 U.S.C. §2703, or in its regulations and the legislative history, is the AFR mentioned, and Minnaugh admits this.  (Ex. 2 pp. 53:24-54:18.)  Instead, Minnaugh <u>infers</u> that 26 U.S.C. §2703 incorporates the AFR as a safe harbor because of alleged inconsistencies between two completely unrelated statutory sections of the Internal Revenue Code (26 U.S.C. §§2703 & 7872).  (Ex. 1 at 4-5; Ex. 2 p. 59:7-19.)  The Internal Revenue Code in no way supports the inference Minnaugh makes or his statutory construction.

946428.1

methodology and analysis to constitute an admissible expert opinion.  Oddi, 234

F.3d at 158; Fedor, 193 F. Supp. 2d at 829.

Minnaugh's first opinion is that the Smith FLP partnership agreement's

use of the AFR over a 15 year period as a buyout term is a term comparable to

similar arrangements entered into by persons in arm's length dealings.  (Ex. 1 at

4.)  The only support for this conclusion is Minnaugh's personal experience with

transactions in the Erie area.

> Q.  . . . What analysis did you do to understand that the 15-
> year payout at the AFR on a nonnegotiable interest was a
> fair bargain between unrelated parties in 1998?
>
> A.  I relied on my experience in dealing with transactions
> involving sales of business interest between unrelated
> parties that used a fixed rate equivalent to the AFR over a
> long-term installment note.

(Ex. 2 p.45:11-18; Ex. 1 at 3.)  No information was provided on the transactions

upon which Minnaugh is relying or the terms of the transactions so the United

States could determine if the terms really were comparable.  The only evidence in

support of Minnaugh's opinion is his uncorroborated statement.

Notwithstanding this unsupported assertion, Minnaugh recognizes that

the fair market value for an interest rate is what a willing buyer and seller would

negotiate.  (Ex. 2 pp.30:12-17; 31:8-10.)  He further acknowledges that

characteristics such as duration, rate of interest that could be earned in the

marketplace, creditworthiness of the obligor and transferability of the obligation,

would all have an impact on the fair market rate for interest.   (Ex. 2 pp.31:19-

32:4.)  Minnaugh goes on to confirm that a fair market rate could be different

than the AFR.  (Ex. 2 p. 32:16-18.)

But Minnaugh did not take into account any of these influencing factors –

duration, rates in the market, creditworthiness and financial condition of Smith

FLP, and transferability of the obligation – in arriving at his opinion that the AFR

is a market rate of interest for Smith FLP.   (Ex. 2 pp. 32:5-15; 44:14-15; 75:17-22.)

Additionally, he did not do any analysis of the marketplace to determine

whether the AFR would have been a market rate for lending money to an entity

comparable to Smith FLP in 1998.  (Ex. 2 pp. 42:16-19; 43:24-44:10; 44:4-8; 44:20-

45:1; 73:9-13.)  And he admits that the alleged transactions he remembers that

used the AFR were different than the Smith FLP.  (Ex. 2 pp.36:11-37:3; 45:19-46:3.)

Minnaugh's first opinion that the terms of the Smith FLP's right of first refusal

are comparable to those obtained between parties negotiating at arm's length

must be excluded because the opinion is solely based upon his personal

experience without any analysis.

**C.    Minnaugh's Third Opinion Lacks the Analysis and Methodology
Necessary to Be Considered Reliable Expert Opinions.**

Minnaugh's third opinion is that the statistical data on the AFR and prime

rates demonstrate that the AFR is a commercially reasonable rate for Smith FLP.

The opinion is based on the single fact that the AFR exceeds that prime rate from

time to time.  (Ex. 1 at 6.)  Although this opinion is based on data, Minnaugh

provides no analysis or methodology demonstrating why a comparison between

946428.1

the AFR and prime rates result in the conclusion that the AFR is a commercially

reasonable rate for Smith FLP.

In the Third Circuit, courts are to apply eight factors in determining if an

opinion is reliable.  These eight factors are:

1.      whether a method consists of a testable hypothesis;

2.      whether the method has been subjected to peer review;

3.      the known or potential rate of error;

4.      the existence and maintenance of standards controlling the technique's operation;

5.      whether the method is generally accepted;

6.      the relationship of the technique to methods which have been establish to be reliable;

7.      the qualifications of the expert witness testifying based on the methodology; and

8.      the non-judicial uses to which the method has been put.

In re Paoli Railroad Yard PCB Litig., 35 F.3d 717, 742 n.8 (3ᵈ Cir. 1994); Oddi , 234

F.3d at 145.  Minnaugh's opinion that the statistical data supports his opinion

that the AFR is a commercially reasonable rate does not satisfy the Third

Circuit's standard for reliability when these factors are applied.

There is no analysis as to why a historical comparison between the AFR

and the prime rate supports a conclusion that the AFR is a commercially

reasonable rate for Smith FLP.  There is no discernable methodology used in

reaching the conclusion.  Because no analysis or methodology is given,

Minnaugh's opinion cannot be tested or subjected to peer review. No literature is cited upon which the opinion is based. There is no reference as to whether other experts in the field compare the AFR to the prime rate in determining if a rate is commercially reasonable as to a specific entity. In short, there is nothing referenced by Minnaugh that would support this opinion, except for his bald statement.

Minnaugh's third opinion that the historical data of the AFR and prime rates demonstrate that the AFR is a commercially reasonable rate for the Smith FLP does not meet the standard of reliability when scrutinized under the Paoli factors and must be excluded.

///

///

///

///

///

///

///

///

///

///

///

946428.1

## CONCLUSION

Minnaugh's first three opinions in his expert report and any testimony related to these three opinions should be excluded because they are legal opinions and lack any analysis or methodology to attain the necessary degree of reliability under <u>Paoli,</u> <u>Daubert</u> and Fed. R. Evid. 702.

Dated:  July 18, 2005                          Respectfully submitted,

                                              MARY BETH BUCHANAN
                                              United States Attorney


                                              /s/ Lindsey W. Cooper Jr.
                                              IVAN C. DALE
                                              LINDSEY W. COOPER JR.
                                              Trial Attorneys, Tax Division
                                              U.S. Department of Justice,
                                              P.O. Box 227, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Tel:  (202) 307-6615, (202) 307-6528


                                              /s/ Christy C. Wiegand
                                              CHRISTY CRISWELL WIEGAND
                                              Assistant United States Attorney
                                              700 Grant Street, Suite 400
                                              Pittsburgh, PA  15219
                                              Tel: (412) 644-3500

                                              Counsel for the United States of America

946428.1