DEC 17 2004 FRI 04:25 PM MacDonald Illig          FAX NO. 18144544647                    P. 03

# Schaffner Knight Minnaugh Company, P.C.

**Certified Public Accountants**
1001 State Street • Suite 1300 • Erie PA 16501
Phone: (814) 454-1997 • Fax: (814) 454-1476
E-mail: skm@skmco.com

James A. Schaffner, CPA, CVA
Charles G. Knight, CPA, CVA
Matthew J. Minnaugh, CPA, CVA

Daniel E. Sloppy, CPA, CVA, MBA
Dennis W. Grow, CPA/PFS
Timothy M. Baird, CPA/PFS
Peter M. Eaglen, CPA
David J. Herbe, CPA
Cherie M. Thierman, CPA, CQBPA
Janel M. Kucey, CPA
Kelly L. Cook, CPA
(Licensed in Ohio)

December 17, 2004

W. Patrick Delaney, Esquire
MacDonald, Illig, Jones & Britton
100 State Street, Suite 700
Erie, Pa. 16507-1459

Re: Sidney E. Smith III, Executor, et al., v. United States of America
    United States District Court

Dear Attorney Delaney:

I have been engaged to provide you my opinion regarding certain matters in the litigation involving Sidney E. Smith III v. United States of America.

**Background:**

Sidney E. Smith, Jr. formed the Sidney E. Smith, Jr. Family Limited Partnership in December 1997. In January and December 1998, Smith made gifts of fractional interests in the partnership to his children. The gifts were reported on a United States Gift Tax Return and at a value of $1,025,892. The Internal Revenue Service valued the gifts at $1,828,598 and required Smith to pay an additional $360,803 of federal gift tax. The additional tax was paid and a recovery action was initiated.

The Government has advanced arguments that would require a disregard of certain provisions of the partnership agreement for purposes of establishing fair market value, by applying the provisions of Internal Revenue Code (IRC) Section 2703 to the facts of this case.

Members Of:
American Institute of Certified Public Accountants
Pennsylvania Institute of Certified Public Accountants
Institute of Profit Advisors

**DEFENDANT'S EXHIBIT 1**

You have asked my opinion regarding the following matters:

Does the right of first refusal provision in the partnership agreement and its use of the applicable federal rate ("AFR") meet the requirements of IRC Section 2703(b)(3) ?

Are there inconsistencies in the AFR issue raised under 2703 as compared with the provisions of IRC Section 7872 ?

Is there statistical data to support that the AFR is a commercially reasonable rate to use in a seller-financed transaction ?

Is the assertion by the Government's expert that the seller's requirement to accept payments over a fifteen year term at the AFR substantially dilutive to value, a reasonable position ?

Opinion and basis for my opinion:

IRC Section 2703:

This Code section states as follows:

(a) General Rule.—For purposes of this subtitle, the value of any property shall be determined without regard to –

(1) any option, agreement, or other right to acquire or use the property at a price less than the fair market value of the property (without regard to such option, agreement, or right), or

(2) any restriction on the right to sell or use such property.

(b) Exceptions—Subsection (a) shall not apply to any option, agreement, right, or restriction which meets each of the following requirements:

(1) It is a bona fide business arrangement.

(2) It is not a device to transfer such property to members of the decedent's family for less than full and adequate consideration in money or money's worth.

(3) Its terms are comparable to similar arrangements entered into by person's in an arms' length transaction.

Under Treasury Regulation 25.2703-1(b)(4):

    (4) Similar arrangement (i) In general. A right or restriction is treated as comparable to similar arrangements entered into by persons in an arm's length transaction if the right or restriction is one that could have been obtained in a fair bargain among unrelated parties in the same business dealing with each other at arm's length. A right or restriction is considered a fair bargain among unrelated parties in the same business if it conforms with the general practice of unrelated parties under negotiated agreements in the same business. This determination generally will entail consideration of such factors as the expected term of the agreement, the current fair market value of the property, anticipated changes in value during the term of the arrangement, and the adequacy of any consideration given in exchange for the rights granted.

(ii) Evidence of general business practice. Evidence of general business practice is not met by showing isolated comparables. If more than one valuation method is commonly used in a business, a right or restriction does not fail to evidence general business practice merely because it uses only one of the recognized methods. It is not necessary that the terms of a right or restriction parallel the terms of any particular agreement. If comparables are difficult to find because the business is unique, comparables from similar businesses may be used.

I have experience representing clients in acquisitions and dispositions of business interests. Over the past several years, I have been involved in various acquisitions in the Erie, Pa. area that involved seller financing with unrelated parties at terms ranging from nine to fifteen years where the seller and buyer negotiated the interest rate on the installment obligations based on the AFR at the time the transaction was entered into. There was no reference to the prime rate or any other market rate in these transactions. I have also seen in practice the use of the AFR by unrelated parties as a benchmark to adjust interest rates over the life of an installment loan.

Additionally, the use of a right of first refusal clause, which serves to limit the ability to transfer an interest to a third party is quite common. This is standard practice for both family businesses as well as partnerships with unrelated parties as partners. The reason is quite straightforward, in a business transaction, you want to know the background, financial strength, and objectives of who you enter into business arrangements with. This is not an ownership interest in a public mutual fund.

From the standpoint of the Code Section 2703 language—"its terms are comparable to similar arrangements entered into by person's in an arm's length transaction."

The Government's contention is that the use of the AFR, in the context of the right of first refusal section of the partnership agreement, is a below market rate of interest that artificially depresses the fair market value of the partnership interest being valued.

The Government's position cannot be supported because one cannot reference the provisions in the Smith agreement and only look to IRC Section 2703 without analyzing the provisions of IRC Section 7872.

IRC Section 7872 provides meaningful guidance in the present fact pattern.

Referencing excerpts from the Joint Committee on Taxation "Bluebook" General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, December 31, 1984 the following was noted:

"The Act adds to the Code new section 7872 (relating to the tax treatment of loans that, in substance, result in a gift, payment of compensation, dividend, capital contribution, or other similar payment from the lender to the borrower). Loans that are subject to the provision and that do not require payment of interest, or require payment at a rate below the statutory rate (referred to as the "applicable federal rate"), are recharacterized as an arm's length transaction in which the lender made a loan to the borrower in exchange for a note requiring the payment of interest at the applicable federal rate.

"Payments deemed made under this provision are, in general, treated as actually made for all purposes of the Code."

In the Smith case, the use of the AFR avoids the imposition of Section 7872. Inherent in 7872 though is the fact that the use of the AFR would be treated as arm's length in nature.

Section 7872 operates to allow for below-market loans to be recharacterized for what they are—in the case of employer/employee, a compensatory transaction, in the case of a loan between family members, a gift.

IRC Section 7872(f) prescribes that the present value of any payment shall be determined by using a discount rate equal to the applicable federal rate. Section 7872 (e) states that the term below market loan means any loan if the (B) in the case of a term loan the amount loaned exceeds the present value of all payments due under the loan.

In essence, we have a provision in the tax code utilized to value transactions for gift tax purposes if those transactions involve the lending of funds at a rate of interest below the AFR. Example: If Father loaned $xx,xxx to Son for 10 years at zero interest, with scheduled monthly payments of principal, then Section 7872 would be applied to treat the excess of the amount loaned over the present value of the payment stream discounted using the AFR as a gift.

Section 7872 in essence places a fair market value on the transaction and computes the gift value for the donor.

If the Smith partnership agreement had referenced a rate of interest such as prime, and the transaction had closed in a month when prime was less than the AFR, then an assertion of a gift could be made by the government relative to a buyout transaction of a limited partner.

In practice, the provisions of Section 7872 provide taxpayers with a clear path to structure transactions to avoid recharacterization by using a published rate provided by the Internal Revenue Service.

One cannot interpret the provisions of Section 2703 in a vacuum. Section 7872 and its utilization of the AFR in terms of gift loans needs to be considered as part of any well reasoned analysis. If a family loan is made with no interest for a term of years, the value of that financial arrangement for purposes of gift tax looks to the present value of the payments discounted using the applicable federal rate. For purposes of assessing gift tax on below market family loans then, the standard of valuing such an arrangement on an arm's length basis makes use of the AFR to establish a market rate of interest.

If we look at the 2703(b)(3) language and the reference points in the Joint Committee report (with respect to 7872 applying for all purposes of the Code), there is no inconsistency in the conclusion that the Smith agreement's use of the AFR is by definition a market rate of interest.

Statistical data:

Further, I have reviewed both the long term applicable federal rate and the commercial prime rate published by the Federal Reserve from 1984 through October 2004 and note that in 103 out of 240 periods, the AFR exceeded the prime rate. In addition, at the time of the gift transactions in January 1998 and December 1998, the applicable federal rate was 6.13% and 5.25% respectively. The August 1998 and August 1999 AFR's were 5.72% and 6.23%. The August rates take into account the maximum delay periods under the agreement. Had the right of first refusal provisions been exercised, and the deferred payment option been selected by the buyer of the interest, the seller would have garnered an interest rate that would have exceeded the prime rate in all of 2002, 2003 and 2004. This further illustrates the fact that the use of the AFR, in the context of seller financing is commercially reasonable. (See attached Exhibit A for rate illustrations).

As previously stated, the use of a rate other than the AFR exposes the taxpayer to uncertainty as to whether the buyout has an element of a gift. One should not be forced to conclude that the AFR is below market for purposes of 2703 and a market rate under 7872.

Government's expert report:

The September 26, 2003 report by Mr. Burn's of Intecap states on page 16 that there is an implied discount due to below market payment terms.

The Government's authority for valuation of property in general is contained in Regulation Section 25.2512-1 which states in part "The value of the property is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts."

If we are to view the transaction of a sale of a limited partnership interest under a willing buyer and willing seller concept and assume that both parties have knowledge of the relevant facts, then a relevant fact would be that the buyer of an interest can require payments over time at the AFR. If we suppose, as the Government contends that the AFR is below market, then buyer and seller will negotiate with that fact in arriving at the ultimate price. In other words, a supposed below market rate of interest over fifteen years would actually cause the seller to demand a higher price, not a lower price. I do not find it to be reasonable therefore to conclude that the AFR and fifteen year term in and of themselves have a substantial dilutive effect on value.

It is my opinion that the use of the AFR under the right of first refusal section of the Smith family limited partnership agreement meets the requirements of IRC Section 2703(b)(3) as a result of 1) my experience in tax matters representing buyers and sellers of business interests in the Erie, Pa. geographic area and 2) the appropriate connection of the Code Section 7872 and Section 2703 provisions.

In addition, the use of the AFR and fifteen year term at the buyer's option does not have a substantial dilutive effect on value, as that constitutes a relevant fact to be considered by both buyer and seller.

Materials reviewed:

I was provided the following documents for this engagement:

Legal filings of plaintiff and defendant
Expert reports of Intecap and Smith, Evans, Strimbu
Valuation of Sidney E. Smith Family Limited Partnership as of December 31, 1997 (Pashke report)
Sidney E. Smith, Jr. Family Limited Partnership Agreement

Qualifications:

I am a graduate of Gannon University with a BS degree in accounting.

I am a principal in the firm of Schaffner, Knight, Minnaugh and Company, P.C. and am a licensed certified public accountant. I have practiced in public accounting since 1987 and concentrate my area of practice in corporate and individual income tax matters and estate and gift tax matters. I am also a certified valuation analyst.

My billing rates for this engagement are $225 per hour and my associates' rates range from $100 to $175 per hour.

I have no present or contemplated financial interest in the Sidney E. Smith Family Limited Partnership. Fees for this engagement are not contingent on any outcome and are at the billing rates referred to above.

Expert witness testimony:

THT Inc. v. Mark Schwab/Brown, Schwab, Bergquist and Company (Erie County)

Loranger v. Loranger (Master's hearing, Warren County)

Kacprowicz v. Kacprowicz (Master's hearing, Erie County)

Various expert services for client's settled before trial.

If you require any additional information on this matter, please contact me at 454-1997 ex. 203.

Very truly yours

*[signature: Matt Minnaugh]*

Matthew J. Minnaugh
Principal

EXHIBIT 1

## Comparison of the Applicable Federal Rate ("AFR") for Long-Term Debt Instruments under Code Section 1274(d)(1) with Commercial Prime Rate published by Federal Reserve

| | Long-Term AFR Rate | Commercial Prime Rate | Difference | |
|---|---|---|---|---|
| Jan-84 | 11.57 | 11.00 | 0.57 | (Note: 6 month AFR rate for Jan. 1984) |
| Jul-84 | 12.23 | 13.00 | (0.77) | (Note: 6 month AFR rate for July 1984) |
| Jan-85 | 11.92 | 10.61 | 1.31 | (Note: 2 month AFR rate for Jan. 1985) |
| Feb-85 | 11.92 | 10.50 | 1.42 | (Note: 2 month AFR rate for Feb. 1985) |
| Mar-85 | 11.72 | 10.50 | 1.22 | |
| Apr-85 | 12.22 | 10.50 | 1.72 | |
| May-85 | 12.21 | 10.31 | 1.90 | |
| Jun-85 | 11.74 | 9.78 | 1.96 | |
| Jul-85 | 10.90 | 9.50 | 1.40 | |
| Aug-85 | 10.72 | 9.50 | 1.22 | |
| Sep-85 | 10.98 | 9.50 | 1.48 | |
| Oct-85 | 10.83 | 9.50 | 1.33 | |
| Nov-85 | 10.91 | 9.50 | 1.41 | |
| Dec-85 | 10.60 | 9.50 | 1.10 | |
| Jan-86 | 10.13 | 9.50 | 0.63 | |
| Feb-86 | 9.63 | 9.50 | 0.13 | |
| Mar-86 | 9.55 | 9.10 | 0.45 | |
| Apr-86 | 8.52 | 8.83 | (0.31) | |
| May-86 | 7.81 | 8.50 | (0.69) | |
| Jun-86 | 7.64 | 8.50 | (0.86) | |
| Jul-86 | 8.04 | 8.16 | (0.12) | |
| Aug-86 | 7.51 | 7.90 | (0.39) | |
| Sep-86 | 7.47 | 7.50 | (0.03) | |
| Oct-86 | 7.42 | 7.50 | (0.08) | |
| Nov-86 | 7.71 | 7.50 | 0.21 | |
| Dec-86 | 7.71 | 7.50 | 0.21 | |
| Jan-87 | 7.41 | 7.50 | (0.09) | |
| Feb-87 | 7.39 | 7.50 | (0.11) | |
| Mar-87 | 7.49 | 7.50 | (0.01) | |
| Apr-87 | 7.53 | 7.75 | (0.22) | |
| May-87 | 7.83 | 8.14 | (0.31) | |
| Jun-87 | 8.67 | 8.25 | 0.42 | |
| Jul-87 | 8.91 | 8.25 | 0.66 | |
| Aug-87 | 8.58 | 8.25 | 0.33 | |
| Sep-87 | 8.93 | 8.70 | 0.23 | |
| Oct-87 | 9.36 | 9.07 | 0.29 | |
| Nov-87 | 9.92 | 8.78 | 1.14 | |
| Dec-87 | 9.38 | 8.75 | 0.63 | |

| Month | | | |
|---|---|---|---|
| Jan-88 | 9.27 | 8.75 | 0.52 |
| Feb-88 | 9.17 | 8.51 | 0.66 |
| Mar-88 | 8.63 | 8.50 | 0.13 |
| Apr-88 | 8.57 | 8.50 | 0.07 |
| May-88 | 8.86 | 8.84 | 0.02 |
| Jun-88 | 9.22 | 9.00 | 0.22 |
| Jul-88 | 9.34 | 9.29 | 0.05 |
| Aug-88 | 9.17 | 9.84 | (0.67) |
| Sep-88 | 9.39 | 10.00 | (0.61) |
| Oct-88 | 9.45 | 10.00 | (0.55) |
| Nov-88 | 9.16 | 10.05 | (0.89) |
| Dec-88 | 9.05 | 10.50 | (1.45) |
| Jan-89 | 9.28 | 10.50 | (1.22) |
| Feb-89 | 9.29 | 10.93 | (1.64) |
| Mar-89 | 9.14 | 11.50 | (2.36) |
| Apr-89 | 9.40 | 11.50 | (2.10) |
| May-89 | 9.43 | 11.50 | (2.07) |
| Jun-89 | 9.23 | 11.07 | (1.84) |
| Jul-89 | 8.70 | 10.98 | (2.28) |
| Aug-89 | 8.32 | 10.50 | (2.18) |
| Sep-89 | 8.20 | 10.50 | (2.30) |
| Oct-89 | 8.34 | 10.50 | (2.16) |
| Nov-89 | 8.32 | 10.50 | (2.18) |
| Dec-89 | 8.09 | 10.50 | (2.41) |
| Jan-90 | 8.02 | 10.11 | (2.09) |
| Feb-90 | 8.12 | 10.00 | (1.88) |
| Mar-90 | 8.59 | 10.00 | (1.41) |
| Apr-90 | 8.75 | 10.00 | (1.25) |
| May-90 | 8.74 | 10.00 | (1.26) |
| Jun-90 | 9.09 | 10.00 | (0.91) |
| Jul-90 | 8.73 | 10.00 | (1.27) |
| Aug-90 | 8.67 | 10.00 | (1.33) |
| Sep-90 | 8.74 | 10.00 | (1.26) |
| Oct-90 | 9.12 | 10.00 | (0.88) |
| Nov-90 | 9.13 | 10.00 | (0.87) |
| Dec-90 | 8.87 | 10.00 | (1.13) |
| Jan-91 | 8.44 | 9.52 | (1.08) |
| Feb-91 | 8.36 | 9.05 | (0.69) |
| Mar-91 | 8.21 | 9.00 | (0.79) |
| Apr-91 | 8.24 | 9.00 | (0.76) |
| May-91 | 8.35 | 8.50 | (0.15) |
| Jun-91 | 8.30 | 8.50 | (0.20) |
| Jul-91 | 8.43 | 8.50 | (0.07) |
| Aug-91 | 8.58 | 8.50 | 0.08 |
| Sep-91 | 8.41 | 8.20 | 0.21 |
| Oct-91 | 8.09 | 8.00 | 0.09 |
| Nov-91 | 7.84 | 7.58 | 0.26 |
| Dec-91 | 7.88 | 7.21 | 0.67 |

| Month | | | |
|---|---|---|---|
| Jan-92 | 7.72 | 6.50 | 1.22 |
| Feb-92 | 7.33 | 6.50 | 0.83 |
| Mar-92 | 7.61 | 6.50 | 1.11 |
| Apr-92 | 7.83 | 6.50 | 1.33 |
| May-92 | 7.87 | 6.50 | 1.37 |
| Jun-92 | 7.89 | 6.50 | 1.39 |
| Jul-92 | 7.73 | 6.02 | 1.71 |
| Aug-92 | 7.55 | 6.00 | 1.55 |
| Sep-92 | 7.21 | 6.00 | 1.21 |
| Oct-92 | 7.03 | 6.00 | 1.03 |
| Nov-92 | 7.00 | 6.00 | 1.00 |
| Dec-92 | 7.34 | 6.00 | 1.34 |
| Jan-93 | 7.30 | 6.00 | 1.30 |
| Feb-93 | 7.16 | 6.00 | 1.16 |
| Mar-93 | 6.95 | 6.00 | 0.95 |
| Apr-93 | 6.52 | 6.00 | 0.52 |
| May-93 | 6.53 | 6.00 | 0.53 |
| Jun-93 | 6.47 | 6.00 | 0.47 |
| Jul-93 | 6.61 | 6.00 | 0.61 |
| Aug-93 | 6.36 | 6.00 | 0.36 |
| Sep-93 | 6.28 | 6.00 | 0.28 |
| Oct-93 | 5.84 | 6.00 | (0.16) |
| Nov-93 | 5.84 | 6.00 | (0.16) |
| Dec-93 | 6.06 | 6.00 | 0.06 |
| Jan-94 | 6.30 | 6.00 | 0.30 |
| Feb-94 | 6.33 | 6.00 | 0.33 |
| Mar-94 | 6.35 | 6.06 | 0.29 |
| Apr-94 | 6.75 | 6.45 | 0.30 |
| May-94 | 7.16 | 6.99 | 0.17 |
| Jun-94 | 7.52 | 7.25 | 0.27 |
| Jul-94 | 7.46 | 7.25 | 0.21 |
| Aug-94 | 7.67 | 7.51 | 0.16 |
| Sep-94 | 7.63 | 7.75 | (0.12) |
| Oct-94 | 7.69 | 7.75 | (0.06) |
| Nov-94 | 8.01 | 8.15 | (0.14) |
| Dec-94 | 8.23 | 8.50 | (0.27) |
| Jan-95 | 8.17 | 8.50 | (0.33) |
| Feb-95 | 8.07 | 9.00 | (0.93) |
| Mar-95 | 7.93 | 9.00 | (1.07) |
| Apr-95 | 7.67 | 9.00 | (1.33) |
| May-95 | 7.52 | 9.00 | (1.48) |
| Jun-95 | 7.31 | 9.00 | (1.69) |
| Jul-95 | 6.76 | 8.80 | (2.04) |
| Aug-95 | 6.56 | 8.75 | (2.19) |
| Sep-95 | 6.91 | 8.75 | (1.84) |
| Oct-95 | 6.77 | 8.75 | (1.98) |
| Nov-95 | 6.55 | 8.75 | (2.20) |
| Dec-95 | 6.36 | 8.65 | (2.29) |

| Month | Col2 | Col3 | Col4 |
|---|---|---|---|
| Jan-96 | 6.19 | 8.50 | (2.31) |
| Feb-96 | 6.09 | 8.25 | (2.16) |
| Mar-96 | 6.07 | 8.25 | (2.18) |
| Apr-96 | 6.51 | 8.25 | (1.74) |
| May-96 | 6.83 | 8.25 | (1.42) |
| Jun-96 | 7.04 | 8.25 | (1.21) |
| Jul-96 | 7.12 | 8.25 | (1.13) |
| Aug-96 | 7.21 | 8.25 | (1.04) |
| Sep-96 | 7.03 | 8.25 | (1.22) |
| Oct-96 | 7.13 | 8.25 | (1.12) |
| Nov-96 | 7.02 | 8.25 | (1.23) |
| Dec-96 | 6.77 | 8.25 | (1.48) |
| Jan-97 | 6.54 | 8.25 | (1.71) |
| Feb-97 | 6.78 | 8.25 | (1.47) |
| Mar-97 | 6.86 | 8.30 | (1.44) |
| Apr-97 | 6.88 | 8.50 | (1.62) |
| May-97 | 7.18 | 8.50 | (1.32) |
| Jun-97 | 7.11 | 8.50 | (1.39) |
| Jul-97 | 6.99 | 8.50 | (1.51) |
| Aug-97 | 6.73 | 8.50 | (1.77) |
| Sep-97 | 6.55 | 8.50 | (1.95) |
| Oct-97 | 6.68 | 8.50 | (1.82) |
| Nov-97 | 6.42 | 8.50 | (2.08) |
| Dec-97 | 6.31 | 8.50 | (2.19) |
| Jan-98 | 6.13 | 8.50 | (2.37) |
| Feb-98 | 5.93 | 8.50 | (2.57) |
| Mar-98 | 5.91 | 8.50 | (2.59) |
| Apr-98 | 5.98 | 8.50 | (2.52) |
| May-98 | 5.94 | 8.50 | (2.56) |
| Jun-98 | 6.02 | 8.50 | (2.48) |
| Jul-98 | 5.88 | 8.50 | (2.62) |
| Aug-98 | 5.72 | 8.50 | (2.78) |
| Sep-98 | 5.74 | 8.49 | (2.75) |
| Oct-98 | 5.46 | 8.12 | (2.66) |
| Nov-98 | 5.10 | 7.89 | (2.79) |
| Dec-98 | 5.25 | 7.75 | (2.50) |
| Jan-99 | 5.21 | 7.75 | (2.54) |
| Feb-99 | 5.24 | 7.75 | (2.51) |
| Mar-99 | 5.30 | 7.75 | (2.45) |
| Apr-99 | 5.67 | 7.75 | (2.08) |
| May-99 | 5.66 | 7.75 | (2.09) |
| Jun-99 | 5.79 | 7.75 | (1.96) |
| Jul-99 | 6.10 | 8.00 | (1.90) |
| Aug-99 | 6.23 | 8.06 | (1.83) |
| Sep-99 | 6.25 | 8.25 | (2.00) |
| Oct-99 | 6.31 | 8.25 | (1.94) |
| Nov-99 | 6.39 | 8.37 | (1.98) |
| Dec-99 | 6.47 | 8.50 | (2.03) |

| Month | | | |
|---|---|---|---|
| Jan-00 | 6.45 | 8.50 | (2.05) |
| Feb-00 | 6.77 | 8.73 | (1.96) |
| Mar-00 | 6.75 | 8.83 | (2.08) |
| Apr-00 | 6.49 | 9.00 | (2.51) |
| May-00 | 6.20 | 9.24 | (3.04) |
| Jun-00 | 6.39 | 9.50 | (3.11) |
| Jul-00 | 6.40 | 9.50 | (3.10) |
| Aug-00 | 6.22 | 9.50 | (3.28) |
| Sep-00 | 6.09 | 9.50 | (3.41) |
| Oct-00 | 5.96 | 9.50 | (3.54) |
| Nov-00 | 6.09 | 9.50 | (3.41) |
| Dec-00 | 5.98 | 9.50 | (3.52) |
| Jan-01 | 5.78 | 9.05 | (3.27) |
| Feb-01 | 5.48 | 8.50 | (3.02) |
| Mar-01 | 5.58 | 8.32 | (2.74) |
| Apr-01 | 5.43 | 7.80 | (2.37) |
| May-01 | 5.43 | 7.24 | (1.81) |
| Jun-01 | 5.75 | 6.98 | (1.23) |
| Jul-01 | 5.82 | 6.75 | (0.93) |
| Aug-01 | 5.72 | 6.67 | (0.95) |
| Sep-01 | 5.57 | 6.28 | (0.71) |
| Oct-01 | 5.39 | 5.53 | (0.14) |
| Nov-01 | 5.31 | 5.10 | 0.21 |
| Dec-01 | 5.05 | 4.84 | 0.21 |
| Jan-02 | 5.46 | 4.75 | 0.71 |
| Feb-02 | 5.60 | 4.75 | 0.85 |
| Mar-02 | 5.48 | 4.75 | 0.73 |
| Apr-02 | 5.62 | 4.75 | 0.87 |
| May-02 | 5.85 | 4.75 | 1.10 |
| Jun-02 | 5.70 | 4.75 | 0.95 |
| Jul-02 | 5.69 | 4.75 | 0.94 |
| Aug-02 | 5.46 | 4.75 | 0.71 |
| Sep-02 | 5.23 | 4.75 | 0.48 |
| Oct-02 | 4.90 | 4.75 | 0.15 |
| Nov-02 | 4.60 | 4.35 | 0.25 |
| Dec-02 | 4.92 | 4.25 | 0.67 |
| Jan-03 | 4.90 | 4.25 | 0.65 |
| Feb-03 | 4.85 | 4.25 | 0.60 |
| Mar-03 | 4.80 | 4.25 | 0.55 |
| Apr-03 | 4.58 | 4.25 | 0.33 |
| May-03 | 4.79 | 4.25 | 0.54 |
| Jun-03 | 4.65 | 4.22 | 0.43 |
| Jul-03 | 4.17 | 4.00 | 0.17 |
| Aug-03 | 4.36 | 4.00 | 0.36 |
| Sep-03 | 5.08 | 4.00 | 1.08 |
| Oct-03 | 5.23 | 4.00 | 1.23 |
| Nov-03 | 4.99 | 4.00 | 0.99 |
| Dec-03 | 5.12 | 4.00 | 1.12 |

| Month | | | |
|---|---|---|---|
| Jan-04 | 5.01 | 4.00 | 1.01 |
| Feb-04 | 4.94 | 4.00 | 0.94 |
| Mar-04 | 4.84 | 4.00 | 0.84 |
| Apr-04 | 4.66 | 4.00 | 0.66 |
| May-04 | 4.65 | 4.00 | 0.65 |
| Jun-04 | 5.20 | 4.01 | 1.19 |
| Jul-04 | 5.34 | 4.25 | 1.09 |
| Aug-04 | 5.21 | 4.43 | 0.78 |
| Sep-04 | 5.03 | 4.58 | 0.45 |
| Oct-04 | 4.84 | 4.75 | 0.09 |