IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIDNEY E. SMITH III and ) <br> JILL P. SMITH, Executors of the Estate of ) <br> SIDNEY E. SMITH, JR., deceased, ) <br>     Plaintiffs ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>     Defendant ) | CIVIL ACTION NO. 02-264 ERIE |

**PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION IN LIMINE
TO PARTIALLY EXCLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY
OF MATTHEW J. MINNAUGH**

Plaintiffs Sidney E. Smith III and Jill P. Smith, Executors of the Estate of Sidney E. Smith, Jr., deceased, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Brief in Opposition to the Motion in Limine to Exclude the Expert Report and Proposed Testimony of Matthew J. Minnaugh and state the following in support thereof.

    **A.**     **Mr. Minnaugh's Expert Opinion Does Not Provides Conclusions of Law.**

The government wrongly construes the opinion of a tax expert, who is commenting upon applicable provisions of the Internal Revenue Service, as opining legal conclusions that are inadmissible. The government accurately notes that Mr. Minnaugh analyzes the Smith Family Limited Partnership Agreement in light of 26 U.S.C. §2703(b)(3) and 26 U.S.C. §7872. Nonetheless, the government glosses over the fine line of distinction that must be drawn in a case such as this between expert tax analysis and legal opinion.

As a tax expert, Mr. Minnaugh necessarily, as an integral part of his profession, references and analyzes the Internal Revenue Code. This is forthrightly noted in the very deposition statement of Mr. Minnaugh referenced by the government. "I am analyzing the statutes in my capacity as a tax professional." (Def. Ex. 2 p. 60:21-23). This is a matter of common sense. His opinions outside the context of the applicable statutes would be of little assistance to the court. His opinion, however, does not invade the province of the fact finder.

District courts have broad discretion in determining whether to permit expert testimony. *E.D. Haberern v. Kaupp Vascular Surgeons, Ltd.*, 812 F. Supp. 1376 (E.D. Pa. 1992) citing *Mayhew v. Bell Steamship Co.*, 917 F.2d 961 (6th Cir. 1990). The large scope of this discretion was affirmed in an instructive case from the Eleventh Circuit. *Maiz v. Virani*, 253 F. 3d 641, 667 (11th Cir. 2001). There the court found no error in the district court's admission of expert testimony where the expert contextualized his opinion within the law at issue in the case. The court noted that the opposing party had ample opportunity to cross-examine the witness. Further, appropriate jury instructions were given that adequately addressed any potential confusion by the jury or prejudice to the party. *Maiz* 253 F. 3d at 667.

Mr. Minnaugh does not hold himself out to be a lawyer. Yet, as a tax accountant, he necessarily must contextualize his opinions on tax matters within the applicable law. Precluding his discussion of the statute would disrupt his analysis and would result in extreme prejudice to the plaintiff. As in *Maiz,* any of the government's concerns about Mr. Minnaugh's testimony can be adequately addressed through cross examination and jury instructions. For this reason, Mr. Minnaugh's opinions regarding the Smith Family Limited Partnership Agreement as it relates to 26 U.S.C. §2703(b)(3) and 26 U.S.C. §7872 must be admitted at trial.

B.   Mr. Minnaugh's Expert Opinions Meet the *Daubert* Standard

The remaining two parts of the government's Motion evince a failure to understand that expert testimony is not synonymous with scientific testimony.  The government, citing solely to cases involving scientific experts (*Fedor v. Freightliner, Inc.*, 193 F.Supp. 820 (E.D. Pa. 2002); *Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000); *In re Paoli Railroad Yard PCB Litig.,* 35 F.3d 717, 742 n. 8 (3d Cir. 1994).), wrongly tries to apply specific standards used in assessing the reliability of scientific expert testimony to a type of opinion that is not scientific in nature.  See *U.S. v. Davis* 397 F.3d 173, 178 -179 (3rd Cir., 2005) citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).   A *Daubert* analysis must be tailored to the expertise at issue, ensuring that "it 'rests on a reliable foundation and is relevant to the task at hand.' " *Davis*, 397 F.3d at 178.  Under this standard, Mr. Minnaugh's expert testimony is admissible.

1.   <u>Expert Opinion Grounded in Professional Experience is Admissible</u>.   The government first focuses upon Mr. Minnaugh's opinion that the Partnership's use of the AFR over a fifteen year term is comparable to similar arrangements entered into by persons in arm's length dealing.  Here, it asserts that Mr. Minnaugh's opinion should be excluded because it is "solely based upon his personal experience without any analysis."

The Federal Rules of Evidence provide that if specialized knowledge will assist the trier of fact  "a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."  Fed R.Evid. 702.  Further, "courts do allow testimony about the standard practices, procedures, and customs of those engaged in an industry when it is helpful to the trier of fact to resolve factual issues." *Haberern v. Kaupp Vascular Surgeons, Ltd.*, 812 F. Supp. 1376, 1378 (E.D. Pa. 1992), citing *First National State Bank v. Reliance Electric Co.*, 668 F. 2d 725 (731 (3d Cir. 1981).  In *Davis*, the professional

experience of a narcotics police officer sufficed to admit his expert testimony on drug trafficker's methods. *Davis*, 397 F.3d at 178

The government's assertion that personal experience is an insufficient basis for expert opinion is a misapplication of case law that focuses only upon scientific expert testimony. Further, their position is contradicted by case law that recognizes the value of such testimony to the fact finder. Mr. Minnaugh's opinion is reliable and useful because, as he states, it is based upon his eighteen years of experience as a certified public accountant who routinely deals with tax matters and estate and gift tax matters. As in *Davis*, Mr. Minnaugh's personal experience is precisely the reason that his opinion on the standard practices and procedures in his profession regarding the transfer of business interests in family businesses and partnerships should be given weight. For these reasons, Mr. Minnaugh's expert opinion regarding the AFR is admissible.

2. The *In re Paoli* Standard Does Not Apply. Finally, the government attacks the admissibility of Mr. Minnaugh's opinion that the AFR is commercially reasonable. The government's argument contains the same fatal flaw: it misapplies case law that was intended to focus only upon scientific expert testimony. See *Davis* 397 F.3d at 178 -179, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Here, it seeks to apply the standard of *In re Paoli.*

Mr. Minnaugh provides a well-detailed, transparent analysis of the AFR that arises from an age-old methodology of historical comparison: in this case, assessing the fluctuations in the AFR against the universally standard prime rate. To suggest that this C.P.A.'s opinion on commercial reasonableness must be subjected to the eight factors outlined in *In re Paoli* before determining its admissibility (which would include subsequent testing and peer review) strains the credibility of the government's argument to the breaking point. Mr. Minnaugh's opinion regarding the AFR is reasonably and soundly presented. As a result, it is admissible.

Respectfully submitted,


s/ W. Patrick Delaney
W. Patrick Delaney
Pa. Supreme Court I.D. No. 23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459

(814) 870-7658


Attorneys for Plaintiffs.

Sidney E. Smith III and Jill Smith, Executors of the Estate of Sidney E. Smith, Jr.

#900682

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH, III and<br>and JILL P. SMITH, Executors of the Estate<br>of SIDNEY E. SMITH, JR., deceased<br>    Plaintiffs<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 2002 - 264E ERIE |

### CERTIFICATION OF SERVICE

The undersigned hereby certifies that on the 25th day of July 2005, he served the following individuals with a true and correct copy of the attached Brief in Opposition to the Motion in Limine to Exclude the Expert Report and Proposed Testimony of Matthew J. Minnaugh by hand delivery:

Lindsey W. Cooper, Jr.
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044

s/W. Patrick Delaney
W. Patrick Delaney