IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIDNEY E. SMITH III, et al., executors of the Estate of Sidney E. Smith, Jr., | ) ) ) |
| Plaintiff, | ) )   No. 1:02-cv-264 Erie ) |
| v. | )   Judge Sean J. McLaughlin )   Mag. Judge Susan Paradise Baxter |
| UNITED STATES, | ) ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

In the parties' cross-motions for summary judgment, this Court is called upon to decide whether, in valuing interests for gift tax purposes in the Sidney E. Smith, Jr. Family Limited Partnership ("Smith FLP"), an intrafamily right to purchase such interests, on terms more favorable than would be obtained absent such a right, should be considered.  In particular, this Court must determine whether such a below-market right to purchase should be considered in valuing Smith FLP interests, where it is undisputed that the terms of the right to purchase (1) were chosen unilaterally by the taxpayer, (2) were chosen in anticipation of a gift of Smith FLP interests to the taxpayer's only heirs, and (3) did not bind the taxpayer either before or after the gift. In the United States' cross-motion for partial summary judgment, the government contended that the right to purchase Smith FLP interests granted to Smith and his issue must be disregarded under 26 U.S.C. § 2703.

The Magistrate Judge recommended granting the United States' motion for partial summary judgment, and denying that of the plaintiffs, not on the grounds raised by the parties, but because, under the case law before and after the enactment of § 2703, a right or restriction must have been binding on the taxpayer for the Court to consider it in valuing interests subject thereto upon the taxable transfer of such interests under estate and gift tax laws.  It is undisputed that the terms of the right to purchase Smith FLP interests could have been modified at anytime during his life by the taxpayer in this case, and thus were not binding on him.  Because this right to purchase should be disregarded for valuation purposes, as a matter of law, both under section 2703 and under the case law before and after the enactment of section 2703, the United States supports the Magistrate Judge's conclusion, in her Report and Recommendation, that the Smith FLP right to purchase should be disregarded for valuation purposes in this case, and objects to that portion of the report which states, in dicta, that genuine issues of material fact remain with respect to the plaintiffs' burden to prove that the right meets all three elements of section 2703's safe harbor.[1]

---

[1] With regard to this contention that the plaintiffs have not demonstrated genuine issues of material fact with respect to their burden to prove all three elements of the safe-harbor to § 2703, the United States incorporates by reference its arguments raised in its Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment, and In Support of United States' Cross-Motion for Partial Summary Judgment (Docket No. 63).

**ARGUMENT**

I. THE MAGISTRATE JUDGE CORRECTLY DETERMINED THAT THE RIGHT TO PURCHASE INTERESTS IN SMITH FLP SHOULD BE DISREGARDED FOR VALUATION PURPOSES IN THIS CASE.

Sidney E. Smith, Jr. ("Smith," or the "taxpayer") unilaterally subjected interests in the Smith FLP to a below-market right of first refusal ("ROFR"). The only persons who could have exercised the right were Smith and his sole potential heirs. The ROFR was not negotiated; indeed, no party subject to its terms was even aware of its existence. The ROFR went into effect one week before Smith began giving those interests to his children. The impetus for creating the ROFR was Smith's desire to pass along his bounty to his issue on the terms and conditions he saw fit, and to mitigate the tax consequences of such a transfer. The ROFR replaced similar restrictions on marketability that were in his will. A survey of over 800 partnership agreements publicly filed with the Securities and Exchange Commission did not reveal any transfer restrictions on similar terms.

As a result of the foregoing facts, the United States moved for partial summary judgment on the issue of whether the plaintiffs could prove all three elements of § 2703's safe-harbor; namely, that (1) the ROFR was a *bona fide* business arrangement, (2) the ROFR was not a device to transfer property to Smith's family for less than full and adequate consideration, and (3) the terms of the ROFR are comparable to similar arrangements entered into by persons in an arms' length transaction. The Magistrate Judge recommended granting the United States' motion for partial summary judgment, but on a different basis than that asserted by the government. The Magistrate Judge, in her Report and Recommendation, seized upon an aspect of the Smith FLP agreement

not addressed by the parties in this case. Specifically, the Magistrate Judge correctly noted that, because the Smith FLP agreement, and the ROFR contained therein, could be unilaterally modified by the taxpayer during his lifetime, the taxpayer was never subject to its terms. As a result, the Magistrate Judge's report states, the ROFR is to be disregarded for purposes of determining value under the federal estate and gift tax. (Report & Recommendation at 8.)

The Magistrate Judge's conclusion is supported by Estate of Blount v. Comm'r, T.C. Memo. 2004-116, 87 T.C.M. (CCH) 1303 (U.S. Tax Ct.), and Bommer Revocable Trust v. Comm'r, T.C. Memo 1997-380, 74 T.C.M. (CCH) 346 (U.S. Tax Ct.).[2] In Bommer, the buy-sell agreement at issue contained a valid restriction on lifetime transfers. However, as in this case, because the agreement could be modified by shareholders holding a certain percentage of shares, and because the decedent at all times owned sufficient shares to modify the agreement without the consent of anyone else, the Tax Court held that the buy-sell agreement was not binding for estate tax valuation purposes. Bommer, T.C. Memo 1997-380, 1997 Tax. Ct. Memo LEXIS 457, at *25-31.

Likewise, in Blount, the decedent was able to amend a redemption agreement limiting to book value the price his estate could obtain upon the sale of his shares, without the consent of any other shareholders. As a result, the agreement was

---

[2] The plaintiffs' objections characterize the Magistrate Judge's report as resting on 26 C.F.R. 20.2031-2(h). This regulation, however, was an iteration, in the estate tax context, of a principle established by case law long before its inclusion in the Code of Federal Regulations in 1958. See, e.g., Estate of Weil v. Comm'r, 22 T.C. 1267, 1274 (1954).

disregarded for purposes of determining the value of such shares for estate tax purposes.  Blount, T.C. Memo. 2004-116, 2004 Tax Ct. Memo LEXIS 117, at *42-43.

Moreover, the Magistrate Judge's conclusion is supported by common-sense logic.  If the taxpayer were not bound to accept below-market terms for the sale of his shares (and the donee not bound to accept below-market terms unless the taxpayer decided otherwise), nor should the taxing authority be bound to those terms in valuing the shares.  As a result, the terms of a right to purchase are properly disregarded for estate and gift tax valuation purposes where, as here, the terms (1) were chosen unilaterally by the taxpayer, (2) were chosen in anticipation of a taxable gift of interests subject thereto, and (3) could be ignored, modified, or eliminated by the taxpayer at any time before and after the gift.

Plaintiffs, unfairly and without adequate explanation, characterize this rather logical conclusion reached by the Magistrate Judge as "extreme."  (Pls.' Obj. Report & Recommendation 7 n.5.)  But the only extreme conclusion would be the contrary result. Plaintiffs effectively contend that a taxpayer is permitted to give interests in his estate to the natural objects of his bounty, subject to a restrictive agreement of his creation, that he could unilaterally ignore, modify, or eliminate, both before and after the gift, and then point to the restrictive agreement as a limit on the taxable value of those interests he gave, and on which he is liable for the tax.  If plaintiffs' contention were accurate, it would be very easy, indeed, for taxpayers to "limbo" under the estate and gift tax bar by artificially deflating the value of the property transferred by means of a buy-sell agreement.  The Magistrate Judge's proposed disposition properly avoids this illogical result.

Plaintiffs do not dispute, however, the fundamental legal and factual predicates on which the Magistrate Judge's Report and Recommendation is based.  In particular, plaintiffs concede that "[c]learly, buy-sell agreements that fix a price by number or formula trigger the [binding-during-life] analysis."  (Pls.' Obj. Report & Recommendation 4.)   Likewise, plaintiffs do not dispute that this rule was not abrogated by the adoption of 26 U.S.C. § 2703, nor that the ROFR in the Smith FLP agreement was not binding on the taxpayer.   Instead, plaintiffs seek to distinguish their case on three narrow grounds, none of which is persuasive.

First, plaintiffs argue that Bommer and Blount are not applicable because, according to plaintiffs, the Smith FLP agreement "does not fix the price" to be paid upon the exercise of the ROFR.  (Pls.' Obj. Report & Recommendation 5.)   For reasons discussed *ad nauseum* in the United States' prior memoranda, plaintiffs' contention that the ROFR does not limit the price to be paid for shares of Smith FLP is wrong.[3]   The price to be paid under the ROFR is calculated according to a formula that ensures the

---

[3](See, e.g., Def.'s Mem. Opp'n Pls.' Mot. Partial Summary J. (Docket No. 63) at 5-9 (discussing the lowered price to be paid under the ROFR).)   Indeed, this point was conceded by plaintiffs' own expert, who testified as follows:
    Q:    Would you agree that this restriction, this 15 years at a rate equal to the applicable federal rate for long-term debt instruments, that would cause the price to be less than fair market value?
    A.    Yes.
    Q:    If that provision were not there, fair market value would be higher?
    A:    Yes.
(Dale Decl. (Docket No. 22) ¶9, Ex. E (Carrier Dep.) at 55.)   More importantly, however, their contention has already been rejected by this Court in this case.   This Court has already held that the ROFR is a right to purchase Smith FLP interests for less than fair market value.  See 26 U.S.C. § 2703(a); Jul. 23, 2004 Order.

party exercising the right will not have to pay market price for shares of Smith FLP.[4] That the partnership agreement incorporates the right to purchase in the property that plaintiffs' valuation expert appraised does not prevent the Court from disregarding the right in its appraisal.  Cf. 26 U.S.C. § 2703(a) (disregarding option, agreement, or right to purchase at a price "less than the fair market value of the property, *without regard to such option, agreement or right*.")(emphasis added).

Second, plaintiffs contend that Bommer and Blount are not applicable because they relate to corporate interests, not partnerships such as Smith FLP.   However, the rules determining when a right to purchase may be binding for valuation purposes has been applied with equal force to partnerships and corporations.  See Estate of Weil v. Comm'r, 22 T.C. 1267, 1274 (1954)(right to purchase partnership interests at issue); Wooley v. United States, 736 F. Supp. 1506, 1511 (S.D. Ind. 1990)(same); Godley v. Comm'r, T.C. Memo 2000-242, 2000 Tax Ct. Memo LEXIS 284 at *21  (U.S. Tax Ct.), aff'd 286 F.3d 210 (4th Cir. 2002)(same).   Accordingly, plaintiffs' second distinction is inapposite.

Finally, plaintiffs attempt to distinguish Bommer and Blount on the ground that the rules "are triggered upon the death of the party."  (Pls.' Obj. Report & Recommendation 5.)   However, the triggering event for the estate tax, like the gift tax, is not death, but a transfer.  See 26 U.S.C. § 2001(a) ("A tax is hereby imposed on the *transfer* of the taxable estate[.]")(emphasis added).   This identity of language between

---

[4]The formula, effectively, is the lesser of (1) appraised value, taking into account the fact that the ROFR, itself, depresses such value, or (2) the price offered by a third-party who runs the risk that the transaction will be undone, and that he will not be fully reimbursed for what he paid, less (3) the savings from paying out the price over 15 years at a below-market interest rate.

the statutes imposing the gift and estate tax is not by accident. The gift and estate tax "are *in pari materia* and must be construed together." Sanford's Estate v. Comm'r, 308 U.S. 39, 44 (1939). They provide "a unified scheme of taxation of gifts whether made *inter vivos* or at death." Id. Indeed, "the same factors are used for gift and estate tax purposes in determining the fair market value of property." Hess v. Comm'r, T.C. Memo 2003-251 n.12, 2003 Tax Ct. Memo LEXIS 250, at *12 (U.S. Tax Ct.). As a result, plaintiffs may not in this case seek to apply different factors in valuing Smith FLP interests for gift versus estate tax purposes.

For the foregoing reasons, the conclusion reached by the Magistrate Judge that the United States' motion for partial summary judgment should be granted, and the provisions of the ROFR contained in the Smith FLP agreement disregarded for valuation purposes in this case, is correct.

II. THE RIGHT TO PURCHASE INTERESTS IN SMITH FLP SHOULD BE DISREGARDED FOR VALUATION PURPOSES IN THIS CASE UNDER § 2703.

Notwithstanding the Magistrate Judge's proper conclusion, the Report and Recommendation stated, in dicta, that genuine issues of material fact remained with respect to the plaintiffs' burden to prove that the right to purchase Smith FLP interests contained in the partnership agreement meets all three elements of the safe-harbor of 26 U.S.C. § 2703(b). The United States submits that this statement, unnecessary to the Report and Recommendation, is erroneous, and that the United States' motion for partial summary judgment may also be granted on the ground that the plaintiffs have not demonstrated sufficient facts by which a jury could conclude that all three elements of the safe-harbor had been met.

In particular, the inquiry under 26 U.S.C. § 2703(b)(2), the second prong of the safe-harbor, is whether the right to purchase an interest in property being valued for tax purposes was granted as a mechanism to pass that interest on to family members.  As more fully described in pages 11 through 16 of the United States' memorandum in opposition to plaintiffs' motion for partial summary judgment, and in support of the United States' cross-motion (Docket No. 63), the undisputed testimony is that the sole intent behind the ROFR contained in the Smith FLP agreement was so that the taxpayer could (1) pass on his interest in the family business to his potential heirs, upon the terms and conditions he desired, and (2) limit his estate and gift tax liability when the interest was transferred.  Given these facts, the plaintiffs are unable to meet their burden, as a matter of law, to prove that the ROFR "is not a device to transfer such property to members of the decedent's family for less than full and adequate consideration," and the ROFR must be disregarded for gift and estate tax purposes in valuing interests in Smith FLP.

Further, the third prong of the safe-harbor requires that plaintiffs prove that the terms of the ROFR in the Smith FLP agreement are comparable to similar arrangements entered into by persons in an arms' length transaction.  26 U.S.C. § 2703(b)(3).  As more fully described in pages 23 through 28 of the United States' memorandum, the only genuine effort to determine the degree to which the ROFR provisions in the Smith FLP agreement represent general business practice was undertaken by the United States' expert, who concluded that "the Smith FLP agreement terms do not represent general business practices or the outcome of negotiations between unrelated parties." (Appendix Tab 10).   Plaintiffs' proffer of (1) isolated comparables, which are

unauthenticated and differ substantially from the terms of the Smith family ROFR, and (2) unsupported, conclusory statements of the same type already rejected by this Court, (see Jul. 23, 2004 Order; 1st Report & Recommendation (Docket No. 34) at 14), do not raise any genuine issues in this regard. Accordingly, there is no means by which a jury could conclude that plaintiffs have met their burden of proving the ROFR is consistent with general business practice under 26 U.S.C. § 2703(b)(3). Indeed, that the ROFR is not binding on the majority interest holder in Smith FLP only buffers that conclusion.

Finally, that the ROFR is not binding on the majority interest holder in Smith FLP casts doubt upon the conclusion the Court already reached with respect to the first prong of the safe-harbor, which requires that the plaintiffs prove that the ROFR is a "bona fide business arrangement." Id. § 2703(b)(1). In the Magistrate Judge's first Report and Recommendation, adopted as the opinion of this Court, the Court recognized that "an arrangement to facilitate the maintenance of family ownership and control of a business is a bona fide business arrangement." (1st Report & Recommendation (Docket No. 34) at 10.) However, it is apparent that, because a majority interest in Smith FLP could have been transferred by Smith, at any time, to someone outside the family, the arrangement does not serve the purpose that the Court previously concluded that it served. (Id. at 10-11.) As a result, the ROFR does not, in fact, serve the only non-tax business purpose the plaintiffs have alleged, and is not a "bona fide business arrangement" within the meaning of § 2703(b)(1). See also Strangi v. Comm'r, ___ F.3d ____, 2005 U.S. App. LEXIS 14497 (5th Cir. 2005) (transfer of assets to family limited partnership over which taxpayer retained control not "bona fide sale" under circumstances of the case).

As a result of the foregoing, the Court should clarify, in granting the United States' motion for partial summary judgment, as recommended by the Magistrate Judge, that provisions of the ROFR contained in the Smith FLP agreement should also be disregarded for valuation purposes in this case under 26 U.S.C. § 2703.

## CONCLUSION

Accordingly, the United States respectfully requests this Court grant the United States' motion for partial summary judgment, as recommended by the Magistrate Judge, and issue a judgment an opinion consistent herewith.

Dated:    August 15, 2005.

Respectfully submitted.

MARY BETH BUCHANAN
United States Attorney

   /s/ Lindsey W. Cooper, Jr.
IVAN C. DALE
LINDSEY W. COOPER, JR.
Trial Attorneys, Tax Division
U.S. Department of Justice,
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 307-6615; (202) 307-6528

CHRISTY CRISWELL WIEGAND
Assistant United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA  15219
(412) 644-3500