IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III, et al., executors of the Estate of Sidney E. Smith, Jr., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 02-264 Erie |
| v. | ) ) ) | Hon. Sean J. McLaughlin Hon. Susan Paradise Baxter |
| UNITED STATES, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE CERTAIN THEORIES OF RECOVERY
<u>NOT RAISED IN THE CLAIM FOR REFUND</u>**

STATEMENT

On December 26, 2001, Sidney E. Smith, Jr. ("Smith" or the "taxpayer") submitted to the Internal Revenue Service a claim for a refund of $360,803 in federal gift taxes. The theory of recovery described in that claim for refund was as follows:

- that Smith had gifted partial interests in a family limited partnership, the sole asset of which was a 100% interest in Erie Navigation Company ("ENC");[1]

- that the value of ENC, and hence the value of the limited partnership's assets, was $5.2 million;[2]

---

[1] <u>See</u> Mot. *In Limine* Ex. 1 (hereinafter, "Form 843") Attachment (p. 2); Form 843 Ex. C (Pashke FLP Report) at 12.

[2] <u>See</u> Form 843 Ex. C (Pashke FLP Report) at 12.

- that the valuation of partial interests in the limited partnership should be calculated as a percentage of the $5.2 million in assets, less certain discounts due to the lack of marketability and control associated with such partial interests;[3]

- that the valuation of these interests was "incorrectly adjusted" by the Internal Revenue Service);[4] and

- that a purportedly proper valuation would result in an overpayment of $360,803 owing to Smith.[5]

Not withstanding the foregoing, and notwithstanding the fact that $360,803 was all that was demanded in the complaint, (see Compl. at 4), plaintiffs have now asserted that "[their] recovery may be in excess of the $360,803.00 which the government has assessed" (Pls.' Pretrial Narrative Statement at 3-4).  Moreover, in discussions with the undersigned attorneys, plaintiffs' counsel has indicated that he may attempt to argue to the jury that the value of the underlying asset, ENC, is less than the $5.2 million asserted in the claim for refund.  Because the variance doctrine prevents this Court from considering legal and factual theories for recovery of federal taxes not advanced at the administrative level, the United States has moved for an order *in limine* prohibiting plaintiffs from arguing these matters before the jury.  This memorandum is submitted

---

[3]See Form 843 Ex. C (Pashke FLP Report) at 12-13.

[4]See Form 843 Attachment (p. 2).

[5]See Form 843.

in support of that motion.

ARGUMENT

**The Variance Doctrine Prohibits Plaintiffs from Advancing Legal and Factual Theories of Recovery Not Advanced in the Claim for Refund.**

Both the Internal Revenue Code[6] and its implementing regulations[7] require the filing of an administrative claim for refund prior to bringing a refund action such as this one. The procedure is designed to "apprise the Commissioner of what subject matter to review," and he may "take the claim at face value and examine only those grounds to which his attention has been directed." Schuykill Haven Trust Co. v. United States, 252 F. Supp. 557, 561 (E.D. Pa. 1966), citing United States v. Garbutt Oil Co., 302 U.S. 528 (1938). As a corollary to this principle, the Court "lacks jurisdiction of an action to

---

[6]Specifically, 26 U.S.C. § 7422 provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

[7]Specifically, 26 C.F.R. § 301.6402-2(b)(1) provides that:

> No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.

recover taxes except upon grounds reasonably encompassed by the claim for refund[.]" Hempt Bros. v. United States, 354 F. Supp. 1172, 1182 (M.D. Pa. 1973), aff'd, 490 F.2d 1172 (3d. Cir.), cert. denied, 419 U.S. 826 (1974). The taxpayer therefore is prohibited from advancing a theory of recovery at trial different from that raised at the administrative level. Schuykill, 252 F. Supp. at 561, citing United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269 (1931). Such a rule facilitates administrative resolution of claims, and limits the scope of litigation to "issues which the Commissioner has considered and is prepared to defend." Hempt Bros., 354 F. Supp. at 1182.

In this case, the taxpayer annexed to his claim for refund a single valuation report for the value of ENC as of December 31, 1997 (see Form 843 Ex. D (Pashke ENC report), which he contended was "consistent with the applicable [laws] . . . which establish the procedures for valuing gifts" (Form 843 Attachment (p. 2)). That report concluded that ENC should be valued according to the "adjusted net assets method," which suggests a "base value for the valuation subject," and calculated a value for a 100% interest in ENC of $5.2 million. (Form 843 Ex. D (Pashke ENC report) at 32-33.) As a result, the claim for refund asserts that the Sidney E. Smith, Jr. Family Limited Partnership ("Smith FLP") had assets worth $5.2 million. (Form 843 Ex. C (Pashke FLP report) at 12.)

The administrative review of the taxpayer's refund claim, and the dispute in this case, was limited to the appropriate discounts to be applied to a percentage interest in a

family limited partnership owning $5.2 million in assets.  (Pls.' Pretrial Narrative Statement at 3.)   As discussed above, the law in the Third Circuit is clear that the Commissioner may take the taxpayer's claim that the Smith FLP had $5.2 million in assets at face value.  Indeed, plaintiffs concede that the United States "has accepted, for the purposes of this case, that the value of the sole asset of the Smith FLP (ENC) was $5,200,000.00 as of January 5, 1998."  (Id.)  Under variance doctrine, plaintiffs cannot now argue against the only value of that asset presented to the Commissioner.  Accord, Scott Paper Co. v. United States, 943 F. Supp. 489, 495 (E.D. Pa. 1996) (taxpayer may not argue that interest is to be calculated using a different formula than asserted in the claim for refund); Hempt, supra, 354 F. Supp. at 1183 (taxpayer may not argue for an accounting adjustment not raised at administrative level); Fidelity-Philadephia Trust Co. v. United States, 222 F.2d 379, 382 (3d Cir. 1955) (Court may not consider alternative theory for allowance of a charitable deduction); Schuykill, supra, 252 F. Supp. at 561 (taxpayer may not claim charitable deduction not argued in claim for refund even where all facts in support of deduction set forth in claim).

This limitation on the Court's jurisdiction is likewise applicable where the plaintiff seeks a refund in excess of the amount claimed before the agency.  Put simply, "plaintiff[s] cannot sue for more than [they] originally claimed" from the Internal Revenue Service.  Wiegand Fertilizer Equipment, Inc. v. United States, 73-1 USTC (CCH) ¶ 16,080, 1973 U.S. Dist. LEXIS 15077, at *5 (S.D. Ill. 1973) (also noting that "a contrary result could lead to chaos").  This jurisdictional limitation on the amount for

which taxpayers may sue is applicable, even where the excess is due to "an obvious error in computation." Austin Nat'l Bank v. Scofield, 84 F. Supp. 483, 486 (W.D. Tex. 1948). Here, the plaintiffs argue that they may obtain a refund in excess of that demanded in the claim for refund, or the complaint, on the basis of results from a theoretical valuation model which were specifically rejected by their expert. (Pls.' Pretrial Narrative Statement at 3.) Under these circumstances, the Court clearly lacks jurisdiction to award such an excess amount. Accord, Wiegand Fertilizer, supra; Austin Nat'l Bank, supra; Stutzman v. United States, 72 F. Supp. 879, 882 (N.D. Ind. 1947); Sir Francis Drake Hotel Co. v. United States, 75 F. Supp. 668 (N.D. Cal. 1947).

//
//
//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that plaintiffs should be barred, under the variance doctrine, from arguing theories of recovery not raised at the administrative level, specifically, that (1) the value of 100% of the corporate stock of Erie Navigation Company should be valued at less than the $5.2 million asserted in the claim for refund, and (2) the plaintiffs are entitled to a refund in excess of the amount claimed in the claim for refund.

Dated:   September 8, 2005

                                    Respectfully submitted,

                                    MARY BETH BUCHANAN
                                    United States Attorney

                                    */s/ Lindsey W. Cooper Jr.*
                                    IVAN C. DALE
                                    LINDSEY W. COOPER JR.
                                    Trial Attorneys, Tax Division
                                    U.S. Department of Justice,
                                    P.O. Box 227, Ben Franklin Station
                                    Washington, D.C. 20044
                                    Tel:  (202) 307-6615, (202) 307-6528

                                    */s/ Christy C. Wiegand*
                                    CHRISTY CRISWELL WIEGAND
                                    Assistant United States Attorney
                                    700 Grant Street, Suite 400
                                    Pittsburgh, PA  15219
                                    Tel: (412) 644-3500

                                    *Counsel for the United States of America*