IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III and | ) | |
| JILL P. SMITH, Executors of the Estate of | ) | |
| SIDNEY E. SMITH, JR., deceased, | ) | |
|     Plaintiffs | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. 02-264 ERIE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant | ) | ELECTRONICALLY FILED |

**BRIEF IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE CERTAIN THEORIES OF RECEOVERY NOT RAISED IN THE CLAIM FOR REFUND.**

Plaintiffs Sidney E. Smith III and Jill P. Smith, Executors of the Estate of Sidney E. Smith, Jr., deceased, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Brief in Opposition to Defendant's Motion in Limine.

**QUESTION PRESENTED**

    A.   DOES THE DOCTRINE OF VARIANCE PRECLUDE CONSIDERATION OF VALUES THAT DIFFER FROM THOSE OPINED BY EXPERT WITNESSES WHERE THE DOCTRINE BARS ONLY LEGAL THEORIES NOT ENCOMPASSED BY THE ORIGINAL REFUND CLAIM?

    B.   MAY THE FACT FINDER CONSIDER VALUES THAT DIFFER FROM THOSE OPINED BY EXPERT WITNESSES WHERE CASE LAW STATES THAT FACT FINDERS ARE NOT BOUND BY THE OPINION OF ANY EXPERT IN THE EXERCISE OF SOUND JUDGMENT?

PDF created with pdfFactory trial version www.pdffactory.com

**BACKGROUND**

In 1998, Sidney E. Smith filed a United States Gift Tax Return, valuing interests in a Family Limited Partnership gifted to his children at $1,025,392.00. He paid $262,243.00 in federal gift tax. However, the Internal Revenue Service valued these gifts nearly 80% higher, at $1,828,598.00, and required Mr. Smith to pay an additional $360,803.00 of federal gift tax. Mr. Smith paid this additional sum.

On or about December 26, 2001, the plaintiff filed Form 843, Claim for Refund and Request for Abatement (Attached as Exhibit 1) to correct the valuation of Taxpayer's 1998 taxable gifts and to request a refund of the $360,803.00 wrongfully assessed.

In the Claim for Refund plaintiff stated that he was seeking to "adjust the value of taxable gifts to their actual fair market value at the times the gifts were made, which is in accordance with the requirements of Internal Revenue Code Section 2512." Further, the plaintiff referenced attached appraisals that "establish the correct values of Taxpayer's 1998 gifts." Plaintiff went on to say that the methods used to value the gifts "as originally reported and as claimed herein are consistent with the applicable provisions of IRS Revenue Ruling 59-60 and in accordance with the Internal Revenue Code Section 2512 and its corresponding Treasury Regulation (§§ 25.2512 et. seq.) which establish the procedures for valuing gifts."

In the report that was attached and incorporated into the Claim for Refund, valuation analyst Gregory Pashke clearly articulated that the proper valuation of the gifted shares of a minority interest in the family limited partnership is subject to and an array of factors including a minority interest discount and a lack of marketability discount. As a result, there is no doubt that the claim brought by the plaintiffs has always been, and continues to be, that the government's valuation is an improperly, artificially high value for the gifts in question.

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs subsequently stated in their Pre-Trial Narrative that the trier of fact ultimately may, after hearing all of the evidence, establish a value for the subject gifts that is different than that opined by expert witnesses.  (Plaintiffs' Pre-Trial Narrative p. 3-4 )[1]  This statement reiterates the plaintiffs' original argument made in the Claim for Refund:  the government's valuation of the gift is improperly inflated.  The government now argues that the plaintiffs are precluded from asserting, and the jury is precluded from finding, a value that differs in any way from those opined by the expert witnesses.  Defendant's argument is based upon a misapplication of the doctrine of variance which, when properly employed, has no relevance to the present case.

**ARGUMENT**

    1.    **The Doctrine of Variance Does Not Preclude the Fact-Finder From Considering a Marketability Discount Rate Different From Those Considered by the Expert Witnesses.**

A refund claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis of the claim. Treas. Reg. 301.6402-2(b)(1).[2]  In the context of tax refund litigation, the variance doctrine is a corollary of this rule because it bars a taxpayer "from litigating in the courts a *basis* for a refund that was not originally identified in the taxpayer's administrative claim." (emphasis added) Evans v. U.S., 2001 WL 722519, *3 (E.D.Pa.,2001), affirmed 3d Cir. 32 Fed.Appx. 31 (2002),

---

[1] "It is Plaintiffs' position that the trier of fact will be justified in establishing any value that is reasonably based upon the evidence presented.  Thus, Plaintiffs' recovery may be in excess of the $360,803.00 which the government has assessed over and above the amount of tax initially paid by Mr. Smith."  Plaintiff's Pre-Trial Narrative pp. 3-4.

[2] "No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."  26 CFR § 301.6402-2

3

PDF created with pdfFactory trial version www.pdffactory.com

cert den. 537 U.S. 887 (2002), citing Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 17-18, 60 S.Ct. 371, 84 L.Ed. 542 (1940); Bank of New York v. United States, 526 F.2d 1012, 1019 (3d Cir.1975); Scott Paper Co. v. United States, 943 F.Supp. 489, 493 (E.D.Pa.1996). The aim of the doctrine is to restrict litigation of tax refund claims to issues which the IRS has considered and is prepared to defend in court. Evans, at *3.  A claim cannot be maintained where it is premised on a *theory* that differs from that asserted in the original tax refund claim. *Fidelity-Philadelphia Trust Company v.U.S.,* 222 F.2d 379, 382 (3d Cir. 1955).  The doctrine of variance therefore focuses on the consistency of the legal theory.  As stated in the above cases and even those cited by the government in its Motion in Limine, any legal basis for a claim before the federal court must have been reasonably encompassed by the original refund claim. Scott Paper Company, 943 F. Supp. 489 (1996);  Hempt Bros., Inc. v. United States of America, 354 F. Supp. 1172 (M.D. Pa. 1973).  Schuylkill v. United States, 252 F. Supp. 557 (E.D.Pa. 1966). Focusing upon cases cited by defendant exemplifies this point.

In Scott, the plaintiff asserted in its Refund Claim that the IRS erred by failing to properly apply a particular Revenue Ruling, resulting in a smaller refund than was due.  In the later litigation, plaintiff asserted that the IRS should have applied other Revenue Rulings instead of the one focused upon in the Refund Claim.  Scott, 943 F. Supp. at 494-5.  The court stated: "Nothing in the Refund Claim would have directed the IRS to consider earlier revenue rulings ... The grounds now asserted by plaintiff relating to these two earlier revenue rulings were not "reasonably encompassed by the claim for refund." Scott, 943 F. Supp. at 494-5.  As a result the court found that the variance doctrine precluded jurisdiction on this claim. Id.

In Hempt Bros., plaintiffs advanced a tax-benefit theory that was not even mentioned in its Refund Claim. Hempt Bros., 354 F. Supp. at 1181.   The court stated "since this ground for

4

PDF created with pdfFactory trial version www.pdffactory.com

recovery was not presented in the corporation's claim for refund, the court lacks jurisdiction to entertain it." <u>Hempt. Bros</u>. F. Supp. at 1182.

In <u>Schuykill</u>, the taxpayer attempted to use an additional charitable deduction not mentioned in its refund claim as a new basis for refund. As noted in all of the cases above, the court stated that a taxpayer may not advance a *ground* or *legal theory* that is different from the refund claim. <u>Schuykill</u>, 252 F.2d at 561-2.

All of these cases underscore that the Doctrine of Variance exists to preclude a party's attempt to introduce a new legal ground for a refund in subsequent litigation that was not included in the original Refund Claim. The government, therefore, is incorrect when it argues that the doctrine applies in this case.

In the present case, plaintiffs are not asserting new methods of valuation, or a new legal ground. Plaintiffs' statement in their Pre-Trial Narrative merely acknowledges that the value of the gifts is a determination to be made by the fact-finder. Stating the obvious, the doctrine cannot apply because plaintiffs' Pre-Trial statement did not advance any theory or legal ground for the refund.

Yet, even if plaintiffs' Pre-Trial Narrative statement could be construed as articulating a legal theory, the theory is not different from that originally presented in the tax Refund Claim. Plaintiffs stated clearly in the Refund Claim that the government's inflated valuation of the gifts was the basis of the claim. Further, in the expert report (incorporated by reference in the Refund Claim) valuation of the gifts is the principle issue. Therefore, a deliberation of the value of the gifts was not merely "reasonably encompassed" by the Refund Claim, it was and is the claim. The ground for the claim has not changed. As a result, the doctrine of variance is inapplicable here.

5

PDF created with pdfFactory trial version www.pdffactory.com

The government does attempt another closely related argument to restrict the freedom of the plaintiffs to assert a value that is different than those presented by the experts. It argues, with a solitary reference to a 1973 district court case, that "plaintiff cannot sue for more than [they] originally claimed." (Government's Brief in Motion in Limine, p. 5, citing Weigand Fertilizer Equipment, Inc. v. United States, 73-1 USTC ¶ 16,080, at *5 (S.D. Ill. 1973).) Putting aside the factual differences between Weigand and the present case, the government fails to mention that appellate court authority on point contradicts this assertion. Osborn v. U.S., 73 Ct. Cl. 333, 54 F.2d 824 (1931); , 73 Ct. Cl. 333, 54 F.2d 824 (1931); F.W. Woolworth Co. v. U.S., 91 F.2d 973 (2d Cir. 1937). Both cases clearly state (consistent with the many cases discussed above) that *any* position reasonably encompassed by the refund claim is open for consideration by the fact-finder. Further, the fact-finder is not bound by the precise amount stated in a Refund Claim, as long as the evidence supports a different amount. Id. The government's reliance upon Weigand simply ignores overwhelming decisional law to the contrary.

### 2. Case Law Explicitly Acknowledges That the Fact-Finder May Consider and Find a Marketability Discount Rate That Differs From Those Presented by Expert Witnesses.

The government's argument that plaintiffs are bound to values opined by expert witnesses is also at odds with general case law regarding the province of the fact-finder at trial. To accept the government's position it would be necessary to limit the fact-finder's deliberation to only that considered by the expert witnesses. Such a position is not supported in case law.

For instance, the tax court stated the following with regard to expert opinion testimony. "We are not bound by the opinion of any expert testimony in the exercise of sound judgment."

6

<u>Hess v. C.I.R,</u> T.C. Memo 2003-251.  The court continued "[w]e are entitled to accept the opinion of the other party's expert over the opinion of the other party's expert, and we are also entitled to accept certain portions of the opinion of an expert while rejecting the remaining portions. Moreover, the figure at which we arrive need not be directly traceable to specific testimony if it is within the range of values that may be properly derived from consideration of all the evidence."  <u>Id.</u>, quoting <u>McCord v. Commissioner</u>, 120 T.C. 358, 374 (2003).  As a result, one can only conclude that the government's attempt to restrict the deliberation of the fact finder is simply improper.

**CONCLUSION**

For the reasons stated above, plaintiffs request that this Honorable Court deny the government's Motion in Limine to Exclude Certain Theories of Recovery not Raised in the Claim for Refund.

Respectfully submitted,

s/ W. Patrick Delaney
W. Patrick Delaney
PA23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658

Attorneys for Plaintiffs

7

PDF created with pdfFactory trial version www.pdffactory.com

Case 1:02-cv-00264-SJM     Document 79     Filed 09/13/2005     Page 8 of 8

PDF created with pdfFactory trial version www.pdffactory.com