IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIDNEY E. SMITH III and ) <br> JILL P. SMITH, Executors of the Estate of ) <br> SIDNEY E. SMITH, JR., deceased, ) <br>     Plaintiffs ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>     Defendant ) | CIVIL ACTION NO. 02-264 ERIE |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Plaintiffs, Sidney E. Smith III and Jill P. Smith, Executors of the Estate of Sidney E. Smith, Jr., deceased, by and through his attorneys, MacDonald, Illig, Jones & Britton, LLP, requests that the following instructions be given to the jury in the trial of this case. Plaintiffs reserve the right to request additional instructions and to request the withdrawal or modification of any of the following instructions if the trial of this case should make such action appropriate.

Respectfully submitted,

s/W. Patrick Delaney
W. Patrick Delaney
Pa. Bar I.D. #23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658
FAX (814) 454-4647
pdelaney@mijb.com

Attorneys for Plaintiffs
Sidney E. Smith III, et al., Executors of the Estate
of Sidney E. Smith, Jr.

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

Ladies and Gentleman of the jury, you have now heard the evidence, as well as the closing statements of the attorneys for both parties. It is now my responsibility to instruct you on the rules of law that you are to use in your deliberation of this evidence.

Accepted _____          Rejected _____     Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

A law adopted by the United States Congress requires that, under certain circumstances, a person who makes a gift must pay a tax on the value of that gift. This is commonly referred to as the Gift Tax. Once it is determined that the Gift Tax applies, the higher the value of the gift the more tax the person must pay.

In 1998, Sidney E. Smith, Jr. transferred to each of his two children a limited partnership interest in a business entity called the Smith Family Limited Partnership. This transfer by Mr. Smith was made as a gift to his children. Mr. Smith then hired an expert to place a value on the gifts that he had given his children. The expert, Mr. Pashke, prepared a report expressing his opinion as to the Fair Market Value of the gifts that Mr. Smith had made. Mr. Smith then filed a Gift Tax Return with the Internal Revenue Service and paid the Gift Tax.

The Internal Revenue Service disagreed with the Fair Market Value that Mr. Smith had assigned to his gifts, and required him to pay an additional amount in taxes. Mr. Smith paid this additional amount as well. Therefore, with regard to the gifts, there is not any question that Mr. Smith has met his obligation to pay taxes on the gifts.

Mr. Smith, now deceased, filed this lawsuit in 2002 because he disagreed with the Internal Revenue Service about the Fair Market Value of the gifts he gave to his children. Mr. Smith's children, in their capacity as executors of his estate, continue his claim for a refund of a portion of the taxes Mr. Smith paid.

26 U.S.C. §§2201(c), 2503

Accepted _____    Rejected _____    Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

Ultimately, the central issue of this case is whether or not Mr. Smith was required to pay too much tax for the gifts. As I have indicated earlier, the Fair Market Value of the gift determines the amount of the Gift Tax. Therefore, the sole issue for your deliberation is to determine the Fair Market Value of a one percent (1%) limited partner interest in the Smith Family Limited Partnership as of the dates on which the gifts occurred.

The law defines a few terms that will be central to your deliberation, and I will review these definitions with you now.


26 U.S.C. §2501& 2502.




Accepted _____        Rejected _____    Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4

First, the term "Fair Market Value" refers to the price at which property would change hands between a willing buyer and a willing seller when the buyer is not acting under any compulsion to buy and the seller is not acting under any compulsion to sell. It is assumed that both the buyer and seller have reasonable knowledge of all the facts that would be relevant to an agreement on a fair price.

For purposes of your deliberations the buyer and seller we refer to are purely hypothetical or fictional persons. When determining the fair market value you should not assume that the hypothetical buyer and seller are members of the Smith family.

When we refer to the buyer and seller "not acting under any compulsion" we mean that they are not required to buy or sell. Thus, the buyer and seller would negotiate a value or price without being compelled to act.

26 C.F.R. §20.2031-1(b); 26 C.F.R. §25.2512-1

Accepted _____    Rejected _____    Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

As you have heard, the property on which you are asked to place a value is a one per cent (1%) "limited partnership interest" in the Smith Family Limited Partnership. Under Pennsylvania law, a person who acquires a limited partnership interest is referred to as a "limited partner."

Under Pennsylvania law a limited partner has limited rights. A limited partner does not have the right to control or even participate in the management of the partnership. Further, the limited partner does not have the right to dictate who will manage the business of the partnership.

Finally, under the terms of the Smith Family Limited Partnership Agreement, the owner of a limited partnership interest is not free to sell that interest to whomever he or she might like. If a limited partner wished to withdraw from the partnership, he or she would first be required to offer to sell their limited partnership interest to the partnership.

15 Pa.C.S.A. §8503.

Accepted _____   Rejected _____   Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

Your deliberation, then, of the Fair Market Value of an interest in the Smith Family Limited Partnership should focus upon the price that a willing buyer and willing seller would freely agree upon for a one percent (1%) limited partnership interest in the Smith Family Limited Partnership.

This is the law that you must apply to properly determine the value of the gift at issue in this case. I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

Accepted _____    Rejected _____    Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

The decision in this case, as I am sure you understand, is a matter of considerable importance. Your responsibility, as jurors, is to reach a verdict based on the evidence presented during the trial, and upon your evaluation of that evidence. You must consider all the testimony you have heard, and all the other evidence presented during trial, in order to determine the facts.

Pennsylvania Suggested Standard Jury Instruction 20.00(3)

Accepted _____    Rejected _____    Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

My responsibility as a judge is to decide all questions of law; therefore you must accept and follow my rulings and these instructions as to matters of law. But I am not the judge of the facts. You, the jurors, are the only judges of the facts.

The Fair Market Value of a one per cent (1%) interest in the Smith Family Limited Partnership is a question of fact. So your responsibility is to consider the evidence you have heard and determine that Fair Market Value.

Accepted _____     Rejected _____   Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9


In deciding the facts, you may properly apply common sense and draw upon your own everyday practical knowledge of life. You should keep your deliberations free of any bias or prejudice. All parties have the right to expect you to consider the evidence conscientiously, and to apply the law as I have outlined it to you.


Pennsylvania Suggested Standard Jury Instruction 20.00 (4)









Accepted _____            Rejected _____      Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

You have heard testimony from persons who have expert knowledge, skill, experience, training, and education in the field of business valuation. These persons have expressed opinions about the value of a limited partnership interest in the Smith Family Limited Partnership.

In determining the weight to be given to an expert's opinion, you should consider the qualifications and reliability of the expert and the reasons and facts given for that opinion. Merely because an expert witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves.

Accepted _____        Rejected _____        Modified _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

Additionally, in resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it is based.

Accepted _____          Rejected _____     Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12

Also, in civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence, if you are persuaded that it is more probably accurate and true than not.

To put it another way, think if you will, of an ordinary balance scale with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant. If the scales tip in favor of the plaintiff, your verdict must be for the plaintiff.

In this case, the Commissioner of the Internal Revenue Service made a determination that the value of the gifts in question were higher than that stated by Mr. Smith, resulting in the payment of a higher tax. The Smiths have the burden of proving that the Commissioner's determination was incorrect. Therefore, if after considering all of the evidence, you feel persuaded that it is more probable than not that the Fair Market Value of the limited partner interest is less than the Commissioner's valuation, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

Accepted _____        Rejected _____     Modified _____

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 13.

      This case will be given to you with only one question to deliberate. Your establishment of the Fair Market Value of a one percent (1%) limited partner interest in the Smith Family Partnership will determine whether or not the Commissioner of the Internal Revenue Service properly valued the gifts Mr. Smith gave to his children. If the value you find is lower than that established by the Commissioner, your value will then determine the amount of the refund that is due.

      Accepted _____        Rejected _____    Modified _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIDNEY E. SMITH III and ) | |
| JILL P. SMITH, Executors of the Estate of ) | |
| SIDNEY E. SMITH, JR., deceased, ) | |
|     Plaintiffs ) | |
| ) | |
|                v. ) | CIVIL ACTION NO. 02-264 ERIE |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant ) | |

**PLAINTIFF'S REQUEST FOR
SPECIAL INTERROGATORIES TO THE JURY**

    Plaintiffs, Sidney E. Smith III and Jill P. Smith, Executors of the Estate of Sidney E. Smith, Jr., deceased, by and through their attorneys MacDonald, Illig, Jones & Britton, LLP, requests that the special interrogatories be given to the jury in the trial of this case. Plaintiffs reserve the right to request additional interrogatories and to request the withdrawal or modification of any of the following interrogatories if the trial of this case should make such action appropriate.

    Respectfully submitted,

s/ W. Patrick Delaney
W. Patrick Delaney
Pa. Bar I.D. #23956
MacDONALD, ILLIG, JONES & BRITTON LLP
100 Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7658
FAX (814) 454-4647
pdelaney@mijb.com

Attorneys for Plaintiffs Sidney E. Smith III, et al.,
Executors of the Estate of Sidney E. Smith, Jr.

PDF created with pdfFactory trial version www.pdffactory.com

## INTERROGATORIES TO THE JURY

1. Did the Commissioner of the Internal Revenue Service make an error by setting a value that was greater than Fair Market Value for the gifts given in 1998 by Mr. Smith to his children?

    YES_____

    NO_____

**(If you answer "yes" to Question #1, proceed to Question #2.  If you answer "no" to Question #1, stop and return to the courtroom.  )**

2. If you answered "yes" to Question #1, what is the 1998 Fair Market Value of a one percent (1%) limited partner interest in the Smith Family Limited Partnership as of January 5, 1998?

    $_____.

3. If you answered "yes" to Question #1, what is the 1998 Fair Market Value of a one percent (1%) limited partner interest in the Smith Family Limited Partnership as of December 31, 1998?

    $_____.

_____
Foreperson

PDF created with pdfFactory trial version www.pdffactory.com

**VERDICT SLIP 2**

Plaintiffs have not demonstrated by a preponderance of the evidence that the Commissioner of the Internal Revenue Service made an error by setting a value that was greater than the fair market net asset value for the gifts given by Mr. Stanley to his children.

PDF created with pdfFactory trial version www.pdffactory.com