IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III, et al., executors | ) | |
| of the Estate of Sidney E. Smith, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-264 Erie |
| | ) | |
| v. | ) | Hon. Sean J. McLaughlin |
| | ) | Hon. Susan Paradise Baxter |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>UNITED STATES' REVISED REQUESTED JURY INSTRUCTIONS</u>**

Defendant, the United States of America, requests that the following

instructions be given to the jury in the trial of this case.  This request is made in

light of the Court's Order, dated September 19, 2005, granting the United States'

motion for partial summary judgment, and supersedes the United States' prior

requested jury instructions, filed September 16, 2005, in all respects.   The United

States reserves the right to request additional instructions and to request the

withdrawal or modification of any of the following instructions if the trial of this

case should make such action appropriate.

//

//

//

//

- 1 -

Dated:  September 23, 2005        Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


*/s/ Lindsey W. Cooper Jr.*
IVAN C. DALE
LINDSEY W. COOPER JR.
Trial Attorneys, Tax Division
U.S. Department of Justice,
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 307-6615, (202) 307-6528


*/s/ Christy C. Wiegand*
CHRISTY CRISWELL WIEGAND
Assistant United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA  15219
Tel: (412) 644-3500

*Counsel for the United States of America*


## CERTIFICATE OF SERVICE


IT IS CERTIFIED that the UNITED STATES' REQUESTED JURY

INSTRUCTIONS was served upon counsel for the plaintiffs this 23rd day of

September, 2005, by sending a copy via ECF to counsel for plaintiffs.


*/s/ Lindsey W. Cooper Jr.*


- 2 -

1071904.2

UNITED STATES' REQUESTED INSTRUCTION NO. 1

Ladies and Gentlemen of the jury, you have been trying the case that began when the plaintiff, Sidney E. Smith Jr., who is now deceased, filed a civil suit against the United States. It is my duty as the Judge in this suit to instruct you as to the law applicable to this case.

In this civil suit, the children of Sidney E. Smith Jr. contest Mr. Smith's gift tax liability, and they seek a refund of the gift taxes paid to the United States. Plaintiffs contend that the estate of Mr. Smith does not rightfully owe the assessed gift tax and, therefore, they are seeking a refund of what Mr. Smith paid. The United States, on the other hand, contends that the tax in question was properly assessed and that Mr. Smith's children are not entitled to the claimed refund.

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 2

This case does not involve any criminal violation or criminal prosecution of any kind.  The plaintiffs are not being charged with or accused of any criminal act.  The issues in the case only involve money – that is the liability for the assessed gift tax, and the issues are purely civil in nature.

Jury Instructions for Use in Certain Types of Civil Tax Cases,
        para. A (1970)  (hereinafter "Approved Jury Instructions").

Accepted: _____       Rejected: _____      Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 3

You have been chosen and sworn as jurors to try the issues of fact presented in this case, and you are to perform this duty without bias or prejudice to any party.  In performing your duty, you must bear in mind that the law does not permit jurors to be governed by sympathy, prejudice or public opinion.  The fact that the United States is a party, or that the plaintiffs may be local residents must not ever affect your verdict in any way and must not prejudice you one way or the other.  The parties are equal before the law and should be given the same fair and equal treatment by you.  You are to decide the issues solely and exclusively upon the evidence alone and in accordance with the law as I tell it to you.  On the issues presented, you are to reach a just verdict which speaks the truth regardless of its consequences.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 4

Your job is to determine the facts. I cannot tell you what the facts are. Moreover, if anything the Court has said during this trial has given you the impression that I believe the evidence shows a particular party's position to be correct or incorrect, my statement was not intended to lead you to that conclusion, and you must disregard it. You must determine the facts, and your determination must be made from the evidence.

In order to determine the facts, you may determine that some evidence is entitled to more weight than other evidence. You may also determine and weigh the credibility of witnesses, resolve any evidentiary conflicts that might exist, and you may draw legitimate inferences from proven facts.

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (1999);
In re Ikon Office Solutions, Inc., 277 F.3d 658, 668 n.10 (3d Cir. 2002) (citing Hunt v. Cromartie, 526 U.S. 541, 552 (1999));
United States v. Clifford, 704 F.2d 86, 90 (3d Cir. 1983).

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 5

Ladies and gentlemen, you must decide the facts in this case.  On the other hand, it is my duty to explain to you the legal principles you must follow in deciding these facts.  As jurors, you must take the law as I explain it to you, and apply it to the facts you find to have been proven in the case.  If you have any notions of your own as to what the law is or should be, you must disregard those notions completely.   You must follow the law as I tell you it is.

See Purcell v. United States, 1 F.3d 932, 943 (9th Cir. 1993).

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED INSTRUCTION NO. <u>6</u>

It is the duty of the attorneys on each side of a case to object when another attorney offers testimony or other evidence which the attorneys believe is not properly admissible. It is also the duty of the Court to exclude such testimony which is not admissible under the rules of evidence, or in the event that the Court believes the testimony is admissible despite an objection made in good faith, to overrule such objection. These rules of evidence are of long standing and are not designed merely for the purpose of excluding evidence, but are designed primarily for the purpose of assuring that the evidence which is presented is worthy of your consideration.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. You as jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. When the Court has sustained an objection to a question addressed to a witness or to an answer to a question, the jury must disregard the question and answer entirely, and may draw no inference from the wording of the question, speculate as to what the witness would have said had he or she been permitted to answer the question, or consider the answer which he or she did give if the question was answered.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 7

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts which you find to have been proved such reasonable inferences as seem justified in the light of your own experience. You should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter and all evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the witness stand. Consider, also, any relation each witness may bear to either side of the case, the manner in which each witness may be affected by the verdict, and the extent to which, if at all, the witness' testimony is either supported or contradicted by other evidence.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 8

For convenience, in the course of these instructions, Sidney E. Smith III and Jill P. Smith, who are the executors of their father's estate, may be referred to as the plaintiffs, which is just the legal name for the people filing the law suit.

Sidney Smith III and Jill Smith, who are the son and daughter of Sidney Smith Jr. and the executors of his estate, were substituted as the plaintiffs in this lawsuit because their father passed away after he initiated this lawsuit against the United States.  Plaintiffs represent the interests of their father's estate.

The United States may be referred to as the defendant, which is the legal name for the party against which a suit is filed.

As you may have heard throughout the trial, in their individual capacities, I will refer to the father, Sidney E. Smith Jr., as "Mr. Smith."  Jill Smith, who is the daughter of Mr. Smith, will be referred to as "Ms. Smith."  And Sidney Smith III, who is the son of Mr. Smith, will be referred to as "Mr. Smith III."

Accepted: _____    Rejected: _____    Modified: _____

- 10 -

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 9

There is only issue before you.

You must decide fair market value of the partnership interests in the Sidney E. Smith Jr. family limited partnership that Mr. Smith gave to his two children in January 1998 and December 1998.

Because Mr. Smith made gifts of the partnership interests to his children on two different dates, you should determine the fair market value of the partnership interests gifted on January 5, 1998 and in December 31, 1998.

The fair market value of the gifted Smith family limited partnership interests determines the amount of gift tax to be paid.

26 U.S.C. §2512.

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>10</u>

Under the Internal Revenue Code in 1998, a taxpayer was entitled to a lifetime tax credit for gifts in the amount of $625,000.  The lifetime tax credit allows a taxpayer to make $625,000 of gifts to anyone during his lifetime without paying gift tax on any of those gifts.  Only after the total value of the gifts exceed $625,000 during the taxpayer's lifetime, did a taxpayer incur any gift tax liability.

Additionally, in 1998, taxpayers were entitled to make gifts not exceeding $10,000 in value to as many different people as they wished without incurring any gift tax, and the gifts would not be counted against a taxpayer's $625,000 lifetime tax credit.  For example, a taxpayer could make three $10,000 gifts to three different people in 1998 without paying any gift tax, and the $30,000 in gifts would not reduce the taxpayer's $625,000 lifetime tax credit for gifts.

26 U.S.C. §§2010(c) & 2503

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>11</u>

Because the gifts of the partnership interests in the Smith FLP made by Mr. Smith to his children exceeded Mr. Smith's life time credit in the amount of $625,000, the gifts are taxable. Mr. Smith, who was the donor of the gifts, was required to pay the gift tax. The amount of the gift tax is determined by the fair market value of the gifts on the date that the gifts were made.

26 U.S.C. §§2501 & 2502.

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>12</u>

The term "fair market value" means the price at which property would change hands between a willing buyer and a willing seller when the buyer is under no compulsion to buy and the seller is not under any compulsion to sell, and both the buyer and seller have reasonable knowledge of all relevant facts. The buyer and seller are hypothetical persons when determining fair market value.

26 C.R.R. §20.2031-1(b); 26 C.F.R. §25.2512-1; Rev. Rul. 59-60.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 13

In order to arrive at the taxable fair market value, you are to determine two facts.

First, you are to determine the net asset value of Smith FLP on the dates that Mr. Smith gifted interests in Smith FLP to his children. The "net asset value" of a business is the fair market value of all of the business' assets, minus the business' liabilities. In this case, Smith FLP has only one asset – a 100% interest in Erie Navigation Company – and has no liabilities.

Second, you are to determine the appropriate discount, if any, that is to be applied to the net asset value of Smith FLP resulting from the terms of the partnership agreement. The discount to be applied, if any, to the net asset value of the gifted partnership interests determines the fair market value of the gifts.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>14</u>

The Smith FLP partnership agreement in Sections 7.3(A), 7.3(B) and 7.5 contains restrictions on a partner's ability to transfer his or her partnership interests to a third-party buyer.   These restrictions on transferability contained in Smith FLP's partnership agreement are commonly referred to as "rights of first refusal" because the partnership and/or existing partners have the opportunity to purchase the partnership interests that a partner is attempting to sell before a third-party buyer can.

This Court has previously determined, as a matter of law, that the right of first refusal contained in the Smith FLP partnership must be disregarded in valuing the partnership interests that are the subject of this case.  Therefore, you are required by the law to value the partnership interests gifted to Mr. Smith's children as if the right of first refusal were not contained within the Smith FLP partnership agreement.

Magistrate Judge's Report and Recommendation, Docket No.  69 at 10;
Court's Order adopting Report and Recommendation, Docket No. 82.

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>15</u>

It is important for you to understand that the right of first refusal contained in Sections 7.3(A), 7.3(B) and 7.5 of the Smith FLP partnership agreement is disregarded only for purposes of valuing the transferred partnership interests in Smith FLP for federal gift tax purposes. The parties' contractual obligations to each other and the manner in which Smith FLP conducts its affairs are in no way affected by your verdict today.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED JURY INSTRUCTION NO. <u>16</u>

In determining the fair market value of the gifts transferred by Mr. Smith to his children on January 5, 1998 and December 31, 1998, you are first to determine the net asset value of Smith FLP on each of these dates. Changes in value, or other events which occurred after the dates of the gifts are not to be considered in valuing property on the date of the gift.

After the net asset value is determined, you may apply a discount to the net asset values of Smith FLP, if you find one appropriate. Once again, the discount you apply to the net asset value of Smith FLP may not take into account the restrictions on transferability imposed by the right of first refusal provisions in Sections 7.3(A), 7.3(B) and 7.5 of the Smith FLP's partnership agreement.

<u>Estate of Newcomer</u>, 447 F. Supp. 1368, 1370 (W.D. Pa. 1978); <u>Ithaca Trust Co. v. United States</u>, 279 U.S. 151, 155 (1929);
Magistrate Judge's Report and Recommendation, Docket No. 69 at 10; Court's Order adopting Report and Recommendation, Docket No. 82.

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED INSTRUCTION NO. <u>17</u>

In reaching a determination of the issues involved, you must be aware of where the law places the burden of proof.  Under our system of taxation, the Commissioner of Internal Revenue is charged with the duty and responsibility of determining the tax liability of a taxpayer.  Once the Commissioner makes a determination of a taxpayer's liability and assesses that liability against the taxpayer, the taxpayer has the burden of proving by a preponderance of the evidence that the Commissioner's determination was not correct.

In this case, the Commissioner determined Mr. Smith's gift tax liability and assessed that gift tax liability against Mr. Smith.  Thus, plaintiffs, who are the representatives of Mr. Smith's estate, have the burden of proving by a preponderance of the evidence that the Commissioner's determination that the tax is owed was not correct.  Further, plaintiffs must prove what the correct amount of the gift tax liability is, also by a preponderance of the evidence.

The words "preponderance of the evidence" mean that if the plaintiffs are to prevail, you must be satisfied from the evidence that something has been proved to be more likely so, than not.  In other words, a preponderance of the evidence means that the evidence presented by the plaintiffs, when considered and compared to the evidence presented by the United States, has more convincing force, and produces in your mind a belief that what the plaintiffs seek to prove is more likely true than not true.

1071904.2

If plaintiffs, as the parties having the burden of proof in this case, fail to prove an issue on which they have the burden of proving by a preponderance of the evidence, you should vote <u>against</u> the plaintiffs on that issue because they have the burden of proof.  Also, if any one of you finds that his or her mind is in a state of even balance as to whether an issue has been proved or not, you should vote to decide the issue <u>against</u> the plaintiffs.

Adapted from Approved Jury Instructions paras. B, C; <u>Helvering v. Taylor</u>, 293 U.S. 507 (1935); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>see Datlof v. United States</u>, 252 F.Supp. 11, 32 (E.D. Pa.), <u>aff'd</u>, 370 F.2d 655 (3d Cir. 1966), <u>cert. denied</u>, 387 U.S. 906 (1967); <u>United States v. Vespe</u>, 868 F.2d 1328, 1331 (3d Cir. 1989); <u>Psaty v. United States</u>, 422 F.2d 1154, 1155, 1158-1160 (3d Cir. 1971); <u>Hochstein v. United States</u>, 900 F.2d 543, 546 (2d Cir. 1990), <u>cert denied</u>, 112 S Ct. 2967 (1992); <u>Barnett v. IRS</u>, 988 F.2d 1449, 1453 (5th Cir.), <u>cert</u>. <u>denied</u>, 114 S Ct. 546 (1993);  <u>Morgan v. United States</u>, 937 F.2d 281, 285-86 (5th Cir. 1991); <u>McDermitt v. United States</u>, 954 F.2d 1245, 1251 (6th Cir. 1992); <u>Ruth v. United States</u>, 823 F.2d 1091, 1093 (7th Cir. 1987); <u>Sinder v. United States</u>, 655 F.2d 729, 731 (6th Cir. 1981).

Accepted: _____    Rejected: _____    Modified: _____

1071904.2

UNITED STATES' REQUESTED INSTRUCTION NO. 18

Under the law, the tax assessment made against Mr. Smith is entitled to a presumption of correctness and this presumption goes beyond the mere mathematical correctness of the assessment.  This rule of law requires that you presume that Mr. Smith owed the gift tax liabilities assessed by the Commissioner of Internal Revenue, paid by Mr. Smith, and sought to be refunded in this lawsuit.

Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992);
United States v. Vespe, 868 F.2d 1328, 1331-1332 (3d Cir. 1989);
Psaty v. United States, 422 F.2d 1154, 1155, 1158-1160 (3d Cir. 1971); Datlof v.
United States, 252 F. Supp. 11, 32 (E.D. Pa. 1966), aff'd, 370 F.2d 655 (3d Cir.), cert.
denied, 387 U.S. 906 (1967); Hochstein v. United States, 900 F.2d 543, 546 (2d Cir.
1990);  Morgan v. United States, 937 F.2d 281, 285-86 (5th Cir. 1991); McDermitt v.
United States, 954 F.2d 1245, 1251 (6th Cir. 1992); Ruth v. United States, 823 F.2d
1091, 1093 (7th Cir. 1987); Sinder v. United States, 655 F.2d 729, 731 (6th Cir.
1981).

- 21 -

1071904.2

Accepted: _____    Rejected: _____    Modified: _____

UNITED STATES' REQUESTED INSTRUCTION NO. <u>19</u>

I instruct you that it is necessary for each of you individually and all of you collectively to agree on the verdict that you return to the Court.  In other words, your verdict must be unanimous.

Accepted: _____     Rejected: _____     Modified: _____

1071904.2

UNITED STATES' REQUESTED INSTRUCTION NO. 20

Finally, this case will be submitted to you on special interrogatories and a verdict form.  That means that I will give you a set of questions to consider and decide upon.  The questions should assist you in reaching a unanimous verdict.

The verdict form is also designed to help to place a fair market value on the gifts made by Mr. Smith to his children.

Wall v.United States, 592 F.2d 154, 157 (3d Cir. 1979);
United States v. Strebler, 313 F.2d 402, 403-404 (8th Cir. 1963).

Accepted: _____     Rejected: _____     Modified: _____

- 23 -

1071904.2