IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III, et al., executors of the Estate of Sidney E. Smith, Jr., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 02-264 Erie |
| v. | ) ) ) | Hon. Sean J. McLaughlin Hon. Susan Paradise Baxter |
| UNITED STATES, | ) ) | |
| Defendant. | ) | |

**UNITED STATES' REVISED REQUEST FOR SPECIAL
INTERROGATORIES TO THE JURY**

Defendant, the United States of America, pursuant to Fed. R. Civ. P. 49, requests that the special interrogatories attached hereto be presented to the jury. This request is made in light of the Court's Order, dated September 19, 2005, granting the United States' motion for partial summary judgment, and supersedes the United States' prior request for special interrogatories, filed September 16, 2005, in all respects. The United States reserves the right to request additional special interrogatories and to request the withdrawal or modification of any of the following special interrogatories if the trial of this case should make such action appropriate.

//

//

//

//

- 1 -

1354357.2

Dated:  September 23, 2005              Respectfully submitted,

                                                 MARY BETH BUCHANAN
                                                 United States Attorney

                                               */s/ Lindsey W. Cooper Jr.*
                                               IVAN C. DALE
                                               LINDSEY W. COOPER JR.
                                               Trial Attorneys, Tax Division
                                               U.S. Department of Justice,
                                               P.O. Box 227, Ben Franklin Station
                                               Washington, D.C. 20044
                                               Tel:  (202) 307-6615, (202) 307-6528

                                               */s/ Christy C. Wiegand*
                                               CHRISTY CRISWELL WIEGAND
                                               Assistant United States Attorney
                                               700 Grant Street, Suite 400
                                               Pittsburgh, PA  15219
                                               Tel: (412) 644-3500

                                               *Counsel for the United States of America*

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' REQUEST FOR SPECIAL INTERROGATORIES TO THE JURY was served upon counsel for the plaintiffs this 23rd day of September, 2005, by sending a copy via ECF to counsel for plaintiffs.

                                               */s/ Lindsey W. Cooper Jr.*

## JURY VERDICT FORM

1. <u>Net asset value of Smith FLP.</u>

    a. What was the net asset value of Smith FLP on January 5, 1998, when Mr. Smith gave his children partnership interests in Smith FLP?

    **Net asset value of Smith FLP on January 5, 1998 = $\_\_\_\_,_____,_____ .**

    b. What was the net asset value of Smith FLP on December 31, 1998, when Mr. Smith gave his children partnership interests in Smith FLP?

    **Net asset value of Smith FLP on December 31, 1998 = $\_\_\_\_,\_\_\_\_,\_\_\_\_\_ .**

2. Calculation of fair market value of gifts in the Smith FLP interests transferred on January 5, 1998.

You must determine the appropriate discount to be applied to the net asset value of Smith FLP on January 5, 1998 without taking into account the restrictive provisions of the right of first refusal contained within the partnership agreement.

   a. What is the lack of control discount (expressed as a percentage) on January 5, 1998?

   **Lack of Control Discount =** _____ % .

   b. What is the lack of marketability discount (expressed as a percentage) on January 5, 1998?

   **Lack of Marketability Discount =** _____ % .

   c. Multiply the net asset value of Smith FLP on January 5, 1998, as indicated in response to question no. 1.a., by the lack of control discount value above to give you a discounted net asset value of Smith FLP, adjusted for lack of control, on January 5, 1998.

_____   X   _____ %   =   _____
(Net Asset Value)      (Lack of Control       **(Discounted Net Asset Value**
   From 1.a.               Discount)                **of Smith FLP**
                           From 2.a.              **on January 5, 1998)**

  d. Multiply the discounted net asset value, determined in your response to question no. 2.c., above, by the lack of marketability discount value above to give you the fair market value of Smith FLP, adjusted for lack of control and marketability, on January 5, 1998.

$$\underline{\hspace{3cm}} \quad X \quad \underline{\hspace{2cm}\%} \quad = \quad \underline{\hspace{4cm}}$$

(Discounted Net    (Marketability    **(Adjusted Fair Market Value**
Asset Value)      Discount)      **of Smith FLP**
From 2.c.       From 2.b.      **on January 5, 1998)**

  e. Multiply the adjusted fair market value of Smith FLP, calculated above, by 13.37% to determine the total value of the gifts made by Mr. Smith to his children on January 5, 1998.

$$\underline{\hspace{5cm}} \quad X \; \underline{13.37\%} \quad = \quad \underline{\hspace{4cm}}$$

(Adjusted Fair Market Value)        **(Fair Market Value of Gifts)**
From 2.d.              **on January 5, 1998**

3. Calculation of fair market value of gifts in the Smith FLP interests transferred on December 31, 1998.

You must determine the appropriate discount to be applied to the net asset value of Smith FLP on December 31, 1998 without taking into account the restrictive provisions of the right of first refusal contained within the partnership agreement.

 a. What is the lack of control discount (expressed as a percentage) on December 31, 1998?

  **Lack of Control Discount = _____ % .**

 b. What is the lack of marketability discount (expressed as a percentage) on December 31, 1998?

  **Lack of Marketability Discount = _____ % .**

 c. Multiply the net asset value of Smith FLP on December 31, 1998, as indicated in response to question no. 1.b., by the lack of control discount value above to give you a discounted net asset value of Smith FLP, adjusted for lack of control, on December 31, 1998.

_____ X _____ % = _____
(Net Asset Value) (Lack of Control **(Discounted Net Asset Value**
 From 1.b.  Discount)  **of Smith FLP**
    From 3.a.  **on January 5, 1998)**

     d.    Multiply the discounted net asset value, determined in your response to question no. 3.c., above, by the lack of marketability discount value above to give you the fair market value of Smith FLP, adjusted for lack of control and marketability, on December 31, 1998.

| _____ | X | _____%_____ | = | _____ |
|---|---|---|---|---|
| (Discounted Net Asset Value) From 3.c. | | (Marketability Discount) From 3.b. | | **(Adjusted Fair Market Value of Smith FLP on December 31, 1998)** |

     e.    Multiply the adjusted fair market value of Smith FLP, calculated above, by 26.74% to determine the total value of the gifts made by Mr. Smith to his children on December 31, 1998.

| _____ | X | __26.74%__ | = | _____ |
|---|---|---|---|---|
| (Adjusted Fair Market Value) From 3.d. | | | | **(Fair Market Value of Gifts) on December 31, 1998** |

    4.    <u>Total Fair Market Value of gifts made by Mr. Smith in 1998.</u>

Add together the fair market value of the gifts made on January 5, 1998 and December 31, 1998 as calculated in Sections 2.e. and 3.e. above.

**Total Fair Market of Gifts in 1998 =** _____ .

DATED: September \_\_\_\_ , 2005                        _____
                                                          FOREPERSON OF THE JURY