SYDNEY E. SMITH III, et al.,
v.
UNITED STATES OF AMERICA,
CIVIL ACTION NO. 02-264 ERIE

FINAL INSTRUCTIONS TO THE JURY

I.

(INTRODUCTION)

Ladies and gentlemen, it is now my duty to tell you about the law that is to be applied to this case in which you will be the finders of fact. You have heard all of the arguments and all of the evidence, and it is my function to charge you on the law which you are required to consider and which will govern your deliberations.

For convenience, in the course of these instructions, Sidney E. Smith III and Jill P. Smith, who are the executors of their father's estate, may be referred to as the plaintiffs, which is just the legal name for the people filing the law suit. The United States may be referred to as the defendant, which is the legal name for the party against which a suit is filed.

As you may have heard throughout the trial, in their individual capacities, I will refer to the father, Sidney E. Smith Jr., as "Mr. Smith." Jill Smith, who is the daughter of Mr. Smith, will be referred to as "Ms. Smith." And Sidney Smith III, who is the son of Mr. Smith, will be referred to as "Mr. Smith III."

This case does not involve any criminal violation or criminal prosecution of any kind. The plaintiffs are not being charged with or accused of any criminal act. The issues in the

case only involve money – that is the liability for the assessed gift tax, and the issues are purely civil in nature.

A law adopted by the United States Congress requires that, under certain circumstances, a person who makes a gift must pay a tax on the value of that gift. This is commonly referred to as the Gift Tax. Once it is determined that the Gift Tax applies, the higher the value of the gift the more tax the person must pay.

In 1998, Sidney E. Smith, Jr. transferred to each of his two children a limited partnership interest in a business entity called the Smith Family Limited Partnership. This transfer by Mr. Smith was made as a gift to his children. Mr. Smith then hired an expert to place a value on the gifts that he had given his children. The expert, Mr. Pashke, prepared a report expressing his opinion as to the Fair Market Value of the gifts that Mr. Smith had made. Mr. Smith then filed a Gift Tax Return with the Internal Revenue Service and paid the Gift Tax.

The Internal Revenue Service disagreed with the Fair Market Value that Mr. Smith had assigned to his gifts, and required him to pay an additional amount in taxes. Mr. Smith paid this additional amount as well. Therefore, with regard to the gifts, there is not any question that Mr. Smith has met his obligation to pay taxes on the gifts.

Mr. Smith, now deceased, filed this lawsuit in 2002 because he disagreed with the Internal Revenue Service about the Fair Market Value of the gifts he gave to his children. Mr. Smith's children, in their capacity as executors of his estate, continue his claim for a refund of a portion of the taxes Mr. Smith paid.

In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I give you,

and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

## II.

## (COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you. I will not give you my opinion about any issue of fact to be determined by you. Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case.

## III.

## (SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, I will now instruct you on the substantive principles of law that govern the Plaintiffs' claims in this case.

Under the Internal Revenue Code in 1998, a taxpayer was entitled to a lifetime tax credit for gifts in the amount of $625,000. The lifetime tax credit allows a taxpayer to make $625,000 of gifts to anyone during his lifetime without paying gift tax on any of those gifts. Only after the total value of the gifts exceed $625,000 during the taxpayer's lifetime, did a taxpayer incur any gift tax liability.

Additionally, in 1998, taxpayers were entitled to make gifts not exceeding $10,000 in value to as many different people as they wished without incurring any gift tax, and the gifts would not be counted against a taxpayer's $625,000 lifetime tax credit. For example,

a taxpayer could make three $10,000 gifts to three different people in 1998 without paying any gift tax, and the $30,000 in gifts would not reduce the taxpayer's $625,000 lifetime tax credit for gifts.

Because the gifts of the partnership interests in the Smith FLP made by Mr. Smith to his children exceeded Mr. Smith's life time credit in the amount of $625,000, the gifts are taxable. Mr. Smith, who was the donor of the gifts, was required to pay the gift tax. The amount of the gift tax is determined by the fair market value of the gifts on the date that the gifts were made.

Ultimately, the central issue of this case is whether or not Mr. Smith was required to pay too much tax for the gifts. As I have indicated earlier, the Fair Market Value of the gift determines the amount of the Gift Tax. Therefore, the sole issue for your deliberation is to determine the Fair Market Value of a one percent (1%) limited partner interest in the Smith Family Limited Partnership as of the dates on which the gifts occurred.

The law defines a few terms that will be central to your deliberation, and I will review these definitions with you now.

First, the term "Fair Market Value" refers to the price at which property would change hands between a willing buyer and a willing seller when the buyer is not acting under any compulsion to buy and the seller is not acting under any compulsion to sell. It is assumed that both the buyer and seller have reasonable knowledge of all the facts that would be relevant to an agreement on a fair price.

For purposes of your deliberations the buyer and seller we refer to are purely hypothetical or fictional persons. When determining the fair market value you should not assume that the hypothetical buyer and seller are members of the Smith family.

When we refer to the buyer and seller "not acting under any compulsion" we mean that they are not required to buy or sell. Thus, the buyer and seller would negotiate a value or price without being compelled to act.

As you have heard, the property on which you are asked to place a value is a one per cent (1%) "limited partnership interest" in the Smith Family Limited Partnership. Under Pennsylvania law, a person who acquires a limited partnership interest is referred to as a "limited partner."

Under Pennsylvania law a limited partner has limited rights. A limited partner does not have the right to control or even participate in the management of the partnership. Further, the limited partner does not have the right to dictate who will manage the business of the partnership.

In order to arrive at the taxable fair market value, you are to determine two facts.

First, you are to determine the net asset value of Smith FLP on the dates that Mr. Smith gifted interests in Smith FLP to his children. The "net asset value" of a business is the fair market value of all of the business' assets, minus the business' liabilities. In this case, Smith FLP has only one asset – a 100% interest in Erie Navigation Company – and has no liabilities.

Second, you are to determine the appropriate discount, if any, that is to be applied to the net asset value of Smith FLP resulting from the terms of the partnership agreement. The discount to be applied, if any, to the net asset value of the gifted partnership interests determines the fair market value of the gifts.

The Smith FLP partnership agreement in Sections 7.3(A), 7.3(B) and 7.5 contains restrictions on a partner's ability to transfer his or her partnership interests to a third-party buyer. These restrictions on transferability contained in Smith FLP's partnership agreement are commonly referred to as "rights of first refusal" because the partnership and/or existing partners have the opportunity to purchase the partnership interests that a partner is attempting to sell before a third-party buyer can.

This Court has previously determined, as a matter of law, that the right of first refusal contained in the Smith FLP partnership must be disregarded in valuing the partnership interests that are the subject of this case. Therefore, you are required by the law to value the partnership interests gifted to Mr. Smith's children as if the right of first refusal were not contained within the Smith FLP partnership agreement.

It is important for you to understand that the right of first refusal contained in Sections 7.3(A), 7.3(B) and 7.5 of the Smith FLP partnership agreement is disregarded only for purposes of valuing the transferred partnership interests in Smith FLP for federal gift tax purposes. The parties' contractual obligations to each other and the manner in which Smith FLP conducts its affairs are in no way affected by your verdict today.

In determining the fair market value of the gifts transferred by Mr. Smith to his children on January 5, 1998 and December 31, 1998, you are first to determine the net asset value of Smith FLP on each of these dates. Changes in value, or other events which occurred after the dates of the gifts are not to be considered in valuing property on the date of the gift.

After the net asset value is determined, you may apply a discount to the net asset values of Smith FLP, if you find one appropriate. Once again, the discount you apply to the

net asset value of Smith FLP may not take into account the restrictions on transferability imposed by the right of first refusal provisions in Sections 7.3(A), 7.3(B) and 7.5 of the Smith FLP's partnership agreement.

This is the law that you must apply to properly determine the value of the gift at issue in this case.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

IV.

(EVIDENCE)

As I told you at the beginning of this case, the evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence. The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings. You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

The attorneys and parties have argued very ably and thoroughly, and they have been well prepared; but their remarks, that is, what they said to you, is not evidence. They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence. You must consider as evidence only the

testimony and exhibits. If you find that any argument, statement or remark of counsel has no basis in the evidence, then you should disregard that argument, statement or remark. Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact. It is up to me only to tell you what the law is.

V.

(BURDEN OF PROOF)

The next matter about which I will now instruct you is the applicable burden of proof. The burden of proof is a concept which you must understand in order to give the case proper consideration because a verdict cannot be based on speculation, guess or conjecture.

Under our system of taxation, the Commissioner of Internal Revenue is charged with the duty and responsibility of determining the tax liability of a taxpayer. Once the Commissioner makes a determination of a taxpayer's liability and assesses that liability against the taxpayer, the taxpayer has the burden of proving by a preponderance of the evidence that the Commissioner's determination was not correct.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein. If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity. Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which evidence you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

In this case, the Commissioner of the Internal Revenue Service made a determination that the value of the gifts in question were higher than that stated by Mr. Smith, resulting in the payment of a higher tax. The Smiths have the burden of proving that the Commissioner's determination was incorrect. Therefore, if after considering all of the evidence, you feel persuaded that it is more probable than not that the Fair Market Value of the limited partner interest is less than the Commissioner's valuation, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

VII.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties. Consideration of all of the evidence, however, does not

mean that you must accept all of the evidence as true or accurate. In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits of counsel, as you feel are justified in the light of common experience. An inference is not a suspicion or guess. A suspicion is a belief based on circumstances which do not amount to proof. A guess is speculation or conjecture. An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. Plaintiff will ask you to draw one set of inferences, while the Defendants will ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

## VIII.
## (DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses. Credibility simply means believability. Your function is to decide what is believable, who is believable and how much weight to give it. In doing this, you use

your common sense, your varied backgrounds and experiences, the usual indicators of truth that you use in your daily lives.

A witness's testimony depends on the witness's observation and perception of what he or she testifies to. It also depends on the witness's memory and what he or she experienced at the time, and the witness's ability to create that experience in court.

You may consider the degree of the witness's intelligence, the demeanor and appearance of the witness, the witness's frankness, his or her candor, the evasiveness or responsiveness, as well as the reasonableness or unreasonableness of the witness's testimony in light of all of the circumstances. You may also consider any interest or bias that might lead a witness to exaggerate, understate or otherwise color his or her testimony, such as a witness's interest in the outcome of the case or a bias or prejudice that a witness might have in favor of or against a party. This is not to suggest that the interest or bias of a witness would lead the witness to tell you a falsehood or color his or her testimony one way or the other, but bear these factors in mind in passing on the credibility or believability of every witness.

I charge you that if you find a witness has lied to you in any material portion of his or her testimony you may disregard that witness's testimony in its entirety. I say that you may disregard that testimony, not that you must. If you choose to disregard the testimony of any witness because you believe that the witness has been untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony. You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness's testimony is untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you. On the other hand, you may be convinced that, despite the falsity of a part of the witness's testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets. Sometimes he or she remembers incorrectly. It is also true that two persons witnessing the same incident may see it or hear it differently. If different parts of the testimony of any witness or witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

IX.

(EXPERT WITNESSES)

You will recall that Mr. Pashke and Mr. Burns gave testimony as experts. A witness who has special knowledge, skill, experience or training in a particular science, profession or occupation may give his or her opinion as an expert on any matter in which that witness' skill, experience or training in the particular science, profession or occupation has been shown. In determining the weight to be given to an expert's opinion, you should consider his or her qualifications and reliability and the reasons given for the opinion. You are not

bound by an expert's opinion merely because he or she is an expert. You may accept it or reject it as in the case of any other witness. Give it the weight, if any, you think it is entitled to.

In general, the opinion of an expert only has value when you accept the facts on which it is based. This is true whether the facts are assumed hypothetically by the expert, come from his or her personal knowledge, or come from some other proper source, or from any combination of sources. In resolving any conflict that may exist in the testimony of an expert witness, you are allowed to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witness, as well as the reasons for each opinion and the facts and other matters upon which it is based.

You will also recall that Mr. Sandy Smith testified on the nature of the shipping business and its operations, and the fair market value of a limited partnership interest in the Smith Family Limited Partnership. Mr. Smith is not an expert. However, as is the case here, the Federal Rules of Evidence do permit a witness who is an owner or officer of an entity to give an opinion on the value of that entity, as long as it is based on his own day to day participation and knowledge of its affairs. If you find that Mr. Smith's testimony is based on his personal knowledge and such testimony is helpful to you in understanding the subject upon which he testified, you may consider such testimony in determining the facts relating to this witness' testimony.

X.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case. I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you. I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness. If your recollection of the testimony varies with any statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony. You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial. Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts. On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

XI.

(JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room. First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance. When you retire to the jury room for your deliberations, they should proceed in an orderly way. The first order of

business in the jury room will be to select one of you to act as foreperson. You are free to select any one of you to act in that capacity. The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary. One more thing about the foreperson. The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions. In that event, you should transmit a note, signed by the foreperson, to me through my courtroom deputy. Nobody should try to communicate with the court by means other than a signed writing. I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict. Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one. Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience. You must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinion of each other. Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity. On the

other hand, while you may maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Keep in mind that the dispute between the parties in this case is for them a most serious matter. They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow prejudice or sympathy to influence your deliberations. You should not be influenced by anything other than the law and the evidence in the case. All of the parties stand equal before this Court, and each is entitled to the same fair and impartial treatment at your hands.