IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III, et al., executors of the Estate of Sidney E. Smith, Jr., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 02-264 Erie |
| v. | ) ) | Hon. Sean J. McLaughlin |
| | ) | Hon. Susan Paradise Baxter |
| UNITED STATES, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO ALTER OR AMEND JUDGMENT</u>**

STATEMENT

On or before April 15, 1999, Sidney E. Smith, Jr. ("Smith" or the "taxpayer"), submitted a 1998 estate and gift tax return and paid $262,243.00 to the Internal Revenue Service ("the Service"), the amount shown as due on the return. Thereafter, the Service assessed an additional $360,803.00 in estate and gift taxes. On December 26, 2001, Smith paid $360,803.00 to the Service and submitted to the Internal Revenue Service a claim for a refund of the same amount. Not withstanding the foregoing, and notwithstanding the fact that $360,803.00 was all that was demanded in the complaint[1] (<u>see</u> Compl. at 4), at trial, plaintiffs claimed, and were awarded, a recovery in excess of the $360,803.00, with interest, that was claimed at the administrative level. Because the Court lacks jurisdiction, both under variance doctrine and under the applicable statute

---

[1] Because no greater amount was demanded in the complaint, the United States was not required to assert the statute of limitations, discussed herein, as an affirmative defense.

of limitations, to grant such an award, the United States has moved this Court to order that the judgment be amended to reflect the maximum amount that the taxpayer claimed in his claim for refund, together with interest. This memorandum is submitted in support of that motion.

## ARGUMENT

Fed.R.Civ.P. 59(e) permits a motion to alter or amend judgment, within 10 business days after entry of judgment, to correct manifest errors of law. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Because the doctrine of variance and the applicable statute of limitations deprive the Court of jurisdiction to award an amount in excess of that which Smith claimed to have been overpaid within three years prior to his claim for refund, the United States submits that the judgment, entered September 29, 2005, in excess of the jurisdictional limit, must be amended to correct such a manifest error of law.[2]

As discussed in the United States' brief in support of its motion *in limine* (Docket No. 78), both the Internal Revenue Code[3] and its implementing regulations[4] require the

---

[2] In any event, the calculation provided by the plaintiffs to the Court the day after trial was, according to the Service, incorrect. The Service determined that a judgment based upon the valuation made by the jury would be $648,171.68, including interest accruing to October 5, 2005.

[3] Specifically, 26 U.S.C. § 7422 provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any

filing of an administrative claim for refund prior to bringing a refund action such as this one.  The procedure is designed to "apprise the Commissioner of what subject matter to review," and he may "take the claim at face value and examine only those grounds to which his attention has been directed."  Schuykill Haven Trust Co. v. United States, 252 F. Supp. 557, 561 (E.D. Pa. 1966), citing United States v. Garbutt Oil Co., 302 U.S. 528 (1938).  As a corollary to this principle, the Court "lacks jurisdiction of an action to recover taxes except upon grounds reasonably encompassed by the claim for refund[.]" Hempt Bros. v. United States, 354 F. Supp. 1172, 1182 (M.D. Pa. 1973), aff'd, 490 F.2d 1172 (3d. Cir.).

In this case, plaintiff's claim for refund sought the recovery of an alleged overpayment of $360,803.00, and nothing more.  As a result, the Court may not award a greater amount at trial.  Accord, Wiegand Fertilizer Equipment, Inc. v. United States, 73-1 USTC (CCH) ¶ 16,080, 1973 U.S. Dist. LEXIS 15077, at *5 (S.D. Ill. 1973)("plaintiff[s] cannot sue for more than [they] originally claimed" from the Internal Revenue

---

      manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

[4]Specifically, 26 C.F.R. § 301.6402-2(b)(1) provides that:

      No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period.  The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.

Service"); Austin Nat'l Bank v. Scofield, 84 F. Supp. 483, 486 (W.D. Tex. 1948); Stutzman v. United States, 72 F. Supp. 879, 882 (N.D. Ind. 1947); Sir Francis Drake Hotel Co. v. United States, 75 F. Supp. 668 (N.D. Cal. 1947).

Moreover, the amount which may be legally refunded a taxpayer is subject to a statute of limitations. First, the claim for refund must be filed within three years after the return is due, or within two years after the tax was paid, whichever period expires the later. See 26 U.S.C. § 6511(a). Second, the refundable amount is limited by one of two "look-back periods." In particular, if the claim for refund is filed within 3 years from the time the return was filed, then the taxpayer is entitled to, at most, a refund of that portion of the claimed overpayment paid within the 3 years immediately preceding the filing of the claim. Id. § 6511(b)(2)(A). As for alleged overpayments for which no claim was filed within that 3-year period, then the taxpayer is entitled to, at most, a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." Id. § 6511(b)(2)(B). Because the statute is mandatory, stating that the refund "shall not exceed" these statutory amounts, id., the Commissioner of Internal Revenue is prohibited from refunding more.

Here, neither the taxpayer nor his estate claimed, until trial, entitlement to an amount in excess of $360,803.00. Thus, the claim for the excess was made more than three years after the filing of the return, and a refund thereof is prohibited. See 26 C.F.R. § 301.6402-2 ("Credits or refunds of overpayments may not be allowed or made after the expiration of the applicable statutory period of limitation properly applicable

unless, before the expiration of such period, a claim therefor has been filed by the taxpayer.") Further, payments of any amount greater than the $360,803.00 were made prior to the applicable look-back period. As a result, the Commissioner is prohibited from refunding more than $360,803.00, with interest, and the Court lacks jurisdiction to require the Commissioner to do so.

Plaintiffs, in response to the United States' motion *in limine*, cited <u>Osborn v. United States</u>, 73 Ct. Cl. 331 (1931) and <u>F.W. Woolworth Co. v. United States.</u>, 91 F.2d 973 (2d. Cir. 1937) as contrary authority to the government's line of cases, <u>supra</u>, holding that the taxpayer is limited to an award in the amount asserted in the claim for refund. In each of plaintiffs' cases, however, the taxpayer sought not a fixed amount, but an estimated figure "or such greater amount as is legally refundable." Moreover, while an incorrect computation may be corrected at trial to show the true overpayment, the statutory limitations period on refunds cannot be enlarged or extended. <u>Dixie Margarine Co. v. United States</u>, 12 F. Supp. 543, 544 (Ct. Cl. 1935)(distinguishing <u>Osborn</u>). Thus, plaintiff's cases are inapposite.

Simply put, had the Commissioner of Internal Revenue originally granted Smith's claim for refund, when it was submitted, it is clear that plaintiffs would be barred by the statute of limitations from arguing, on the date of trial, that they were entitled to a greater amount. Likewise, the Court would lack jurisdiction to consider, or award, a greater amount. That the original claim for refund was denied, rather than granted, should not change this result.

**CONCLUSION**

As a result, and for the foregoing reasons, the Court should order that the Clerk amend the judgment to reflect an award of $439,865.19, representing the amount of the plaintiff's refund claim with interest accruing to October 14, 2005, which is the maximum amount that this Court has jurisdiction to award.

Dated: October 14, 2005

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>United States Attorney
>
>
>/s/ Lindsey W. Cooper Jr.
>IVAN C. DALE
>LINDSEY W. COOPER JR.
>Trial Attorneys, Tax Division
>U.S. Department of Justice,
>P.O. Box 227, Ben Franklin Station
>Washington, D.C. 20044
>Tel:  (202) 307-6615, (202) 307-6528
>
>
>
>/s/ Christy C. Wiegand
>CHRISTY CRISWELL WIEGAND
>Assistant United States Attorney
>700 Grant Street, Suite 400
>Pittsburgh, PA  15219
>Tel: (412) 644-3500
>
>*Counsel for the United States of America*