IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III, et al., executors of the Estate of Sidney E. Smith, Jr., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 02-264 Erie |
| v. | ) ) | Hon. Sean J. McLaughlin Hon. Susan Paradise Baxter |
| UNITED STATES, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR A NEW TRIAL**

Rule 59(a) of the Federal Rules of Civil Procedure allows a party to seek relief from a judgment by filing a motion for a new trial. Grounds upon which this relief may be sought include (1) that the verdict is against the weight of the evidence, (2) that the damages are excessive, or (3) that the district court made substantial errors in the admission or rejection of evidence or in its instructions to the jury. See Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Generally, the decision whether or not to grant a new trial "is committed to the sound discretion of the district court." Bonjorno v. Kaiser Aluminum & Chem. Corp., 752 F.2d 802, 812 (3d Cir. 1984). The Court's discretion is particularly broad where "the reason for interfering with the jury verdict is a ruling on a matter that initially rested within the discretion of the court," such as evidentiary rulings. Klein v. Hollings, 992 F.2d 1285, 1289-90 (3d Cir. 1993).

In this case, the United States submits that the district court made a substantial error by admitting the lay opinion testimony of Sidney E. Smith, III ("Smith III"), on the

value of a 1% limited partnership interest in the Sidney E. Smith, Jr. Family Limited Partnership ("Smith FLP"), and therefore requests a new trial.

The admission of lay opinion testimony is governed by Fed. R. Evid. 701.  Rule 701 was amended in 2000 to read as follows:

> Rule 701.  Opinion Testimony by Lay Witnesses
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

All three elements of Rule 701 must be satisfied as a foundational predicate to the admission of lay opinion testimony.

In Chambers during the conference of the morning of September 27, 2005, and again during the witness' testimony, the United States objected to the admission of Smith III's surprise opinion testimony as to the value of a 1% limited partnership interest in Smith FLP.  The United States contended that Smith III was giving expert testimony, without the plaintiffs having disclosed him as an expert, and that plaintiffs could not, and did not, establish the foundational predicates to the admission of lay opinion testimony.  The Court overruled the United States' objections in this regard, noting that the advisory committee notes to Rule 701's 2000 amendments cited with approval the Third Circuit's decision in Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993), in which the plaintiff's owner was permitted to give lay opinion

testimony as to the company's lost profits, as it was based on his knowledge and participation in the day-to-day affairs of the business. Because the plaintiffs in this case did not establish the foundational predicates set forth in Lightning Lube, however, the Court erred in relying on that case to permit the lay opinion testimony of Smith III.

Indeed, Lightning Lube and its predecessors, Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 402-03 (3d Cir. 1980) and In re Merritt Logan, Inc., 901 F.2d 349, 360 (3d Cir. 1990), do not stand for the proposition that *any* part-owner or officer is permitted to testify as to his opinion regarding the *value of a business as a going concern*. See, e.g., Lifewise Master Funding v. Telebank, 374 F.3d 917, 929-30 (10th Cir. 2004) (president of company not permitted to opine as to lost profits where not rationally based on his own perception). Rather, as the Advisory Committee notes to Rule 701 recognized, the lay opinion testimony in these cases was permitted only because of "the particularized knowledge that the witness has by virtue of his or her position in the business." Simply put, that an owner of the business is the one giving lay opinion testimony is not a substitute for the analysis required by Rule 701. The Advisory Committee notes simply serve as an admonition that the 2000 amendments are not contrary to the holdings in Lightning Lube and similar cases.

The clear distinction between in the Lightning Lube line of cases, and this one, is two-fold. First, the unrebutted testimony of *plaintiffs' own expert witness* in this case, Gregory Pashke, is that calculating the value of a 1% interest in Smith FLP requires specialized, technical expertise which is beyond the knowledge of a layperson. Indeed,

both experts agreed as to the process by which a minority interest in a holding company must be valued: the appraiser must determine the appropriate lack of control and marketability discounts associated with the business interest. These discounts may be extrapolated from an analysis of external marketplace data, together with the construction of the appropriate financial simulations and charts based on that data. This analysis is not one which "results from a process of reasoning familiar in everyday life," but instead "results from a process of reasoning which can be mastered only by specialists in a field. See Fed. R. Evid. 701, Advisory Committee Notes (distinguishing between lay and opinion testimony). The analysis required to arrive at a valuation of a 1% interest in Smith FLP is far different than the lost profits calculations performed in Teen-Ed and Lightning Lube, supra, which could be performed simply from familiarity with a single company's books, and the process explained by a lay businessman. Indeed, Smith III never explained *any* analysis that he performed to arrive at his opinion. As such, his opinion testimony is of the type that is ordinarily "based on scientific, technical, or other specialized knowledge within the scope of Rule 702," and was not reasonably reliable.[1] See Asplundh Manuf. Div. v. Benton Harbor, 57 F.3d 1190, 1201 (3d. Cir. 1995) ("[A]n opinion must be reasonably reliable. Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses.").

    Secondly, plaintiffs never established that Smith III looked at marketplace data or

---

[1] This determination of reliability is one for the judge, and not for the jury.

otherwise had personal knowledge of any of the criteria used to value a business interest such as Smith FLP.  Moreover, they did not establish that Smith III had knowledge of day-to-day affairs of Smith FLP as of the valuation date.  Smith only testified as to his knowledge regarding Erie Navigation Company, whose value was not at issue in this case.  Indeed, Smith's prior testimony submitted to the Court suggests that he was not even aware of the existence of Smith FLP, at least as of the first valuation date.  (Appendix, Cross-Mot. Summary J., Tab 6 (Smith III Dep.) at 32.)  As a result, plaintiffs never established that Smith III's testimony was "rationally based on the perception of the witness," and the United States' objection to the testimony for lack of foundation should have been sustained.

      Finally, it is clear that the jury improperly relied upon the lay opinion testimony of Smith III in arriving at its verdict.  The two qualified experts, Pashke and Francis Burns, opined that the value of a 1% limited partnership interest in Smith FLP was between $25,000 and $40,000 on the two valuation dates.  The jury's verdict, which valued the interests at $17,000 and $16,300 on the respective dates, was therefore likely influenced by the lower value opined by Smith III.

//
//
//
//
//

//

## CONCLUSION

For the foregoing reasons, the Court should vacate the prior jury verdict and judgment in this case, and order a new trial on the merits.

Dated:      October 14, 2005

                                          Respectfully submitted,

                                          MARY BETH BUCHANAN
                                          United States Attorney

                                          */s/ Lindsey W. Cooper Jr.*
                                          IVAN C. DALE
                                          LINDSEY W. COOPER JR.
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice,
                                          P.O. Box 227, Ben Franklin Station
                                          Washington, D.C. 20044
                                          Tel:  (202) 307-6615, (202) 307-6528


                                          */s/ Christy C. Wiegand*
                                          CHRISTY CRISWELL WIEGAND
                                          Assistant United States Attorney
                                          700 Grant Street, Suite 400
                                          Pittsburgh, PA  15219
                                          Tel: (412) 644-3500

                                          *Counsel for the United States of America*