IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDNEY E. SMITH III and | ) | |
| JILL P. SMITH, Executors of the Estate of | ) | |
| SIDNEY E. SMITH, JR., deceased | ) | |
|         Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-264 ERIE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ELECTRONICALLY FILED |
|         Defendant | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR NEW TRIAL**

Plaintiffs Sidney E. Smith III and Jill P. Smith, Executors of the Estate of Sidney E.

Smith, Jr., deceased, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file

this Brief in Opposition to Defendant's Motion for New Trial.

**I.     QUESTION PRESENTED**

> **MUST THE COURT DENY THE GOVERNMENT'S
> MOTION FOR A NEW TRIAL WHERE IT PROPERLY
> ADMITTED THE LAY OPINION TESTIMONY OF MR.
> SMITH, AND THERE IS NO EVIDENCE THAT MR.
> SMITH'S TESTIMONY WAS PREJUDICIAL TO, OR A
> FOUNDATION FOR, THE JURY'S VERDICT?**

**II.     BRIEF ANSWER**

> **YES.**

## III.    <u>BACKGROUND</u>

This is a gift tax refund case.  On September 28, 2005, the jury in the above captioned case returned a verdict finding that the Commissioner of the Internal Revenue Service had erred in setting a value that was greater than fair market value for gifts given in 1998 by the late Sidney E. Smith, Jr. to his children.  The jury also determined the actual fair market value for each of the gifts.  Following this verdict, the parties conferred and stipulated that the values established by the jury result in a refund to Mr. Smith's estate in the amount of $648,171.68 (including interest).  Based upon the parties' stipulation, this Court entered an appropriate judgment for such amount.

During trial the late Mr. Smith's son, Mr. Sandy Smith, testified to his opinion of the value of a 1% limited partner interest in the Smith Family Limited Partnership (the taxable gift at issue in this case).  At the time of the gifting in question, Mr. Smith was already both a general partner and a limited partner in the Smith Family Limited Partnership ("Smith FLP").

At all times relevant to this matter, the sole asset of the Smith FLP was a 100% controlling interest in Erie Navigation Company ("ENC").  Therefore, the valuation of an interest in the Smith FLP was intimately linked to the value of ENC.  Mr. Smith testified that he had worked at ENC from 1985 to a date beyond 1998 (the calendar year of the gifts).  In 1993, Mr. Smith was promoted to Vice President of ENC, a position that gave him considerable knowledge and responsibilities regarding the daily operation of the company.  From 1993 onward, Mr. Smith was also deeply involved in the financial affairs and management of the company. Additionally, Mr. Smith offered testimony on a wide variety of topics regarding the company,

PDF created with pdfFactory trial version www.pdffactory.com

ranging from the complexities of operating and staffing commercial ships on the Great Lakes to the market conditions in which ENC competed.

During his testimony, Mr. Smith testified that he understood the concept of fair market value, and that he also understood the terms of the agreement that formed the Smith FLP. Following this testimony, Mr. Smith then opined that he would value a 1% share in the Smith FLP at roughly $12,000. The government's Motion for New Trial focuses upon this opinion testimony.

IV.    **ARGUMENT**

A.    **AN OWNER'S TESTIMONY CONCERNING THE FAIR MARKET VALUE OF AN ASSET IS THE PROTOTYPICAL LAY OPINION ENVISIONED BY F.R.E. 701 AND IS ADMISSIBLE, WHERE, AS HERE, THERE IS A PROPER FOUNDATION.**

The government's objections to opinion testimony offered by Mr. Sandy Smith are contrary to the express language of F.R.E. 701, [1] the official comments upon this rule, [2] and a ruling of this Court.[3] Indeed, the Third Circuit noted that the "modern trend favors the admission of opinion testimony, provided that it is well-founded on personal knowledge and susceptible to

---

[1] If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Federal Rules of Evidence Rule 701, 28 U.S.C.A.

[2] "[M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training, or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis." Federal Rules of Evidence Rule 701, 28 U.S.C.A. Advisory Committee Notes, 2000 Amendments.

[3] This Court explicitly overruled objection to this testimony on September 26, 2005.

PDF created with pdfFactory trial version www.pdffactory.com

specific cross-examination."  <u>Teen-Ed, Inc. v. Kimball Int'l Inc.</u>, 620 F.2d 399, 403 (3rd Cir. 1980).  The Third Circuit has summarized Rule 701 as stating that lay opinion testimony must be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."  <u>Teen-Ed</u>, 620 F.2d at 403.

The government's argument ignores the fact that the Advisory Committee to the Federal Rules of Evidence, as well as the Third Circuit, regards an owner's testimony on the value of his business as the "prototypical" lay opinion testimony.  See *infra* footnote 2; see *e.g.* <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153 (3rd Cir. 1993).

The government's argument is flawed in two respects.  First, it wrongly asserts that Mr. Smith did not establish the foundational predicate for his opinion testimony, as set forth in <u>Lightning Lube</u>.  Second, it misconstrues the subject matter upon which Mr. Smith testified (the value of an interest in his partnership) as one that requires specialized, technical expertise that is beyond the knowledge of a layperson.  Both allegations are simply incorrect.

## 1.    <u>The Requisite Foundation</u>

In <u>Robinson v. Watts Detective Agency, Inc.</u>,  685 F.2d 729, 739 (1st Cir. 1982), a case cited by Defendant, the Court of Appeals bluntly stated that "[a]n owner of a business is competent to give his opinion as to the value of his property."  Such holding is a specific rejection of the government's current position.

In general, courts considering the issue have found that an owner's testimony regarding the value of his business is admissible under Rule 701 because the owner had sufficient personal knowledge of his businesses and of the factors on which he relied.  See <u>Lightning Lube</u>, 4 F.3d

PDF created with pdfFactory trial version www.pdffactory.com

1153; In re Merritt Logan, Inc., 901 F.2d 349, 360 (3rd Cir. 1990); Malloy v. Monahan, 73 F.3d 1012, 1015-16 (10th Cir. 1996).  In still other cases, the foundational predicate for an owner's opinion on his business was adequate where the opinion was grounded in simple "common sense."  See, *e.g.*, Teen-Ed, Inc v. Kimball Int'l Inc., 620 F.2d 399, 403 (3rd Cir. 1980); Securitron Magnalock Corp. v. Shnabolk, 65 F.3d 256, 265 (2nd Cir. 1995).

Mr. Smith's testimony demonstrated an in-depth working knowledge of ENC (the only asset of the Smith FLP), and also demonstrated that he understood the terms and conditions of the Smith FLP.  As in Robinson and Lightning Lube, Mr. Smith's day-to-day experience in operating ENC gave him precisely the type of  "personal perception" that would enable him to render a rational opinion about the value of a 1% share in the partnership that owned this company.  Further, the opinion of the owner of the company quite reasonably would be helpful to the fact finder in ascertaining the value of a gift of a minority interest in the Smith FLP.

All of the above cases unequivocally hold that an owner of a business is able to offer opinions about the business that rationally relate to his experience.  Defendant attempts to confuse and obscure this straightforward, well-settled principle of evidence in order to support its argument.

For instance, the government summarizes the decision of the Tenth Circuit in Lifewise Master Funding v. Telebank, 374 F.3d 917 (10th Cir. 2004) by saying the court held that a "president of [a] company [is] not permitted to opine as to lost profits where [the opinions] are not rationally based on his own perception."  The Tenth Circuit did deem this testimony inadmissible, but, for reasons that have nothing to do with the present case.  The court's ruling in Lifewise Master Funding dealt with the president's analysis of a particular damages model that was employed to estimate lost profits.  Lifewise Master Funding, 374 F.3d at 930.  The

PDF created with pdfFactory trial version www.pdffactory.com

government also neglects to mention that the court went on to say:

> [The witness] could have testified solely as a businessperson based on his personal knowledge and his experience as president of the company. **He could have given a straightforward opinion as to the lost profits using conventional methods based on Lifewise's actual operating history** (emphasis added).

Lifewise, 374 F.3d at 930.

Clearly, the court had reservations about the president of Lifewise offering an opinion critiquing a complex modeling tool used to measure lost profits, but it had no reservations about his offering an opinion regarding the business that was rationally based on his own experience as an executive of the company, just as Mr. Sandy Smith did in this case.

The overwhelming body of case law on this topic supports the decision of this Court at trial in overruling the government's objection to Mr. Smith's testimony. As in Robinson and Lightning Lube, Mr. Smith offered a lay opinion (in accordance with F.R.E. 701) on the value of a minority interest in his family limited partnership. His opinion was rationally related to his knowledge of the partnership agreement, and to his daily hands-on experience in operating the business that was the sole asset of the partnership. As a result, this Court was correct in overruling the government's objections, and admitting Mr. Smith's testimony.

6

PDF created with pdfFactory trial version www.pdffactory.com

2.    **Specialized Knowledge or Technical Expertise**

The government's second argument is also without merit.  The government attempts to wrongly characterize opinions on value as the sole province of experts with specialized, technical expertise.  In point of fact, the Third Circuit has expressly stated that an opinion on value can be proffered by a layperson.  Teen-Ed, Inc., 620 F.2d at 403.  The courts have also contemplated instances where both lay and expert opinions are offered on value in the same case.  Robinson, 685 F.2d at 739.  "An owner of a business is competent to give his opinion as to the value of his property.  Whether or not his opinion is accurate goes to the weight of the testimony, not its admissibility."  (citations omitted)  Id., citing Ford Motor Co. v. Webster's Auto Sales, Inc., 361 F.2d 874, 886 (1st Cir. 1966) (plaintiff's method of valuation of damages attacked by defendant; accuracy of plaintiff's testimony goes to weight, not admissibility.)  Again, the determination of admissibility of an opinion on valuation hinges upon the degree to which the opinion arises from well-founded personal knowledge.  Teen-Ed, Inc., 620 F.2d at 403.

In the present case, Mr. Smith's personal knowledge of the partnership and of its sole asset (ENC) is unassailable.  Further, the government had ample opportunity to cross-examine Mr. Smith on his valuation opinion.  Still further, the jury was given specific instructions that identified Mr. Smith's opinion as a lay opinion and instructed them on the distinction between lay and expert opinion.[4]

Nonetheless, undeterred by overwhelming case law to the contrary, the government still

---

[4] Jury Instruction read as follows:  "You will recall that Mr. Sandy Smith testified on the nature of the shipping business and its operations, and the fair market value of a limited partnership interest in the Smith Family Limited Partnership.  Mr. Smith is not an expert.  However, as is the case here, the Federal Rules of Evidence do permit a witness who is an owner or officer of an entity to give an opinion on the value of that entity, as long as it is based on his own day-to-day participation and knowledge of its affairs.  If you find that Mr. Smith's testimony is based on his personal knowledge and such testimony is helpful to you in understanding the subject upon which he testified, you may consider such testimony in determining the facts relating to this witness's testimony."

PDF created with pdfFactory trial version www.pdffactory.com

makes much of the specialized knowledge and methodology used by the experts who opined on the value of a minority interest in this particular case. However, there are two significant problems with this argument.

First, the court in <u>Asplundh Manuf. Div. v. Benton Harbor</u>, 57 F.3d 1190, 1201 (3rd Cir. 1995) stated that lay opinion witness testimony must have "a reasonable basis grounded either in experience <u>or</u> specialized knowledge" (emphasis added). Additionally, there are multiple examples of cases in which businesspersons were permitted to offer opinions on the value of their businesses. See, *e.g.* <u>Teen-Ed, Inc.</u>, 620 F.2d at 403; <u>Lightning Lube</u>, 4 F.3d 1153; <u>Robinson</u> 685 F.2d at 739. Just as degrees and certifications are reflective of specialized knowledge from which reliable opinions can be asserted, Rule 701 recognizes that years of being immersed in the management of a particular business are reflective of an experiential basis from which opinions with regard to the worth of the business can be made. Paraphrasing <u>Robinson</u>, with the jury as fact finder shouldering the responsibility of judging the credibility of Mr. Smith, the determination of the admissibility of this evidence was within the sound discretion of this Court. <u>Robinson</u>, 685 F.2d at 738, quoting <u>Kestenbaum v. Falstaff Brewing Corp.</u>, 514 F.2d at 699. This Court's decision is well-supported and is completely within its sound discretion.

Additionally, there is a common sense reason for the significant number of appellate decisions supporting the admissibility of the opinion in question that has eluded the Defendant: every day, businesspeople who do not possess any specific training, or hold any particular degrees or certifications, assess the value of items, property, and businesses in the marketplace, based solely or largely on the wisdom of their own professional experience. Valuation, as demonstrated by both of the experts who testified, is an imprecise exercise that can be approached from a number of different methods.

PDF created with pdfFactory trial version www.pdffactory.com

Although defense counsel and the valuation experts discussed valuation analysis during the trial in terms of models and discount rates, valuation is, essentially, an imprecise process that is ultimately based upon personal judgment and basic common sense.  In fact, both experts at trial spoke of a range of values indicated by their models, and then admitted that they arrived at a specific value by simply using their own best judgment.  In the everyday world, businesspeople may review expert opinions on the value of something in the marketplace, but the price at which something is bought and sold is ultimately based upon the judgment of a buyer and a seller. Methodologies involving market comparisons and discounts may certainly provide a valid means of arriving at a value.  Yet, as the courts have long recognized, a valuation based upon the sound judgment of one who knows the subject entity in great detail is also a valid means.[5]

> **B.    EVEN IF THE COURT ERRED IN ADMITTING MR. SMITH'S LAY OPINION TESTIMONY, THERE IS NO EVIDENCE THAT HIS TESTIMONY INFLUENCED OR PREJUDICED THE JURY'S VERDICT.**

Finally, even if the Court were to find that the admission of Mr. Smith's opinion testimony was an error, the government still has the burden of demonstrating that a new trial is warranted.  Ordering a new trial is a matter committed to the sound discretion of the district court.  Fed.R.Civ.P. 59(a); Shesko v. City of Coatesville, 324 F.Supp.2d 643, 648 (E.D.Pa., 2004), citing Bonjorno v. Kaiser Aluminum and Chemical Corp., 752 F.2d 802, 812 (3rd Cir. 1984), cert. denied, 477 U.S. 908, 106 S.Ct. 3284 (1986).  A court may also grant a new trial based on a prejudicial error of law.  See M.B. v. Women's Christian Alliance, 2003 WL

---

[5] The courts have also recognized the legitimacy of a lay witness consulting expert reports and opinions but ultimately rendering his own opinion grounded in his experience and judgment.  Lightning Lube, 4 F.3d 1153.

PDF created with pdfFactory trial version www.pdffactory.com

21384836*2 (E.D.Pa. June 16, 2003), citing Klein v. Hollings, 992 F.2d 1285, 1289-90 (3rd Cir. 1993). A new trial, however, cannot be granted merely because the court would have weighed the evidence differently or reached a different verdict. Markovich v. Bell Helicopter Textron, Inc., 805 F.Supp. 1231, 1235 (E.D.Pa. 1992), aff'd., 977 F.2d 568 (3rd Cir. 1992). See also Olefins Trading, Inc. v. Han Yang Chemical Corp., 9 F.3d 282, 290 (3rd Cir. 1993). A court should grant a new trial "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3rd Cir. 1991), citing EEOC v. Del. Dep't Health, 865 F.2d 1408, 1413 (3rd Cir. 1989). Thus, absent a showing of substantial injustice or prejudicial error, a new trial is not warranted, and it is the Court's duty to respect a plausible jury verdict. Montgomery County v. Microvote Corp., 2001 WL 722150, at 8, 2001 U.S. Dist. LEXIS 8727 at *26 (E.D.Pa. June 25, 2001), citing Goodwin v. Seven-Up Bottling Co. of Philadelphia, No. 96-2301, 1998 WL 438488 at 3 (E.D.Pa. July 31, 1998).

In the present case, Defendant makes nothing more than a conclusory statement that "it is clear that the jury improperly relied upon the lay opinion testimony of Smith III in arriving at its verdict." Defendant then distorts the record, claiming that the valuation experts provided valuations between $25,000 and $40,000. This is simply not correct. In his testimony, Plaintiffs' expert Gregory Pashke described his methodology, the quantitative marketability discount model, in detail, and included the fact that the original results of this model demonstrated a discount rate of 70%. At this rate of discount, the value of a 1% minority interest in the Smith FLP would be approximately $15,300. The jury returned a verdict that valued both 1998 gifts in question above this figure, and higher than the value that Mr. Smith had expressed in his testimony.

PDF created with pdfFactory trial version www.pdffactory.com

Thus, neither the evidence nor the verdict support Defendant's bald allegation that the jury was obviously influenced by Mr. Smith's opinion testimony.  As a result of the body of evidence admitted at trial, there is not even a colorable argument that the verdict rendered by the jury was anything but plausible, credible, and just.  There is no evidence that Mr. Smith's valuation testimony regarding the Smith FLP had any significant prejudicial impact upon the jury.  As a result, a new trial is not warranted.

## V.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully submits that this Honorable Court must deny the Defendant's Motion for New Trial and find in favor of the Plaintiffs.

Respectfully submitted,

MACDONALD, ILLIG, JONES & BRITTON LLC

 s/W. Patrick Delaney
W. Patrick Delaney
Pa Bar I.D. 23956
100 State Street, Suite 700
Erie, Pennsylvania 16507
(814) 870-7658
E-mail:  pdelaney@mijb.com

Attorneys for Plaintiff
  Sidney E. Smith III and Jill P. Smith, Executors of
  Estate of Sydney E. Smith, Jr., Deceased

919240

11

PDF created with pdfFactory trial version www.pdffactory.com